**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DONNA POPLAR,

      Plaintiff,

v.                                          CIVIL ACTION NO:  4:21-cv-12568

GENESEE COUNTY ROAD
COMMISSION,

      Defendants.

## COMPLAINT AND JURY DEMAND

Plaintiff Donna Poplar, files this Original Complaint against Defendants

Genesee County Road Commission ("GCRC") and respectfully states the

following:

## PARTIES

1.   Plaintiff is a resident of the United States and resides in Genesee County,

    Michigan within the Eastern District of Michigan.

1

2.    Defendant Genesee County Road Commission ("Defendant" or "GCRC") is

a Michigan municipal corporation doing business in the City of Flint,

Genesee County, Michigan within the Eastern District of Michigan.

3.     The discriminatory employment practices and all other acts alleged in this

Complaint occurred within the Eastern District of Michigan.

4.    Defendant is an employer and Plaintiff is its employee within the meaning of

the Civil Rights Act of 1964, as amended 2001, 42 U.S.C. § 2000e, et seq.

(Title VII), and the Elliott-Larsen Civil Rights Act, MCLA 37.2101, et seq.

("ELCRA").

5.    This Court has jurisdiction over the subject matter of this action under 28

U.S.C. § 1331 because it arises under the laws of the United States,

specifically, 28 U.S.C.A. § 1331, and 28 U.S.C.A. § 1343(a)(4) (jurisdiction

over civil rights claims), Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A.

§ 2000e, et seq., 42 U.S.C. § 1981.

6.     This Court also has supplemental jurisdiction pursuant to 28 U.S.C.A.

§1367 over Plaintiff's state law claims Michigan's Elliott-Larsen Civil

Rights Act (the "ELCRA"), M.C.L.A. § 37.1101, et seq.,

2

7. Venue is proper in the Eastern District of Michigan 28 U.S.C.A. § 1391(b) and (c).

8. The matter in controversy exceeds $100,000.00, exclusive of costs, interest and attorney fees.

9. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging continued discrimination on the basis of her race retaliation, differential treatment, and hostile work environment against Defendant's Managing supervisor.

10. Plaintiff's notice of right to sue was received electronically on August 5, 2021, and she has filed this complaint within 90 days of receiving her notice of rights.

## GENERAL ALLEGATIONS

11. Plaintiff incorporates by reference herein the allegations contained in the foregoing paragraphs.

12. Plaintiff is an African-American woman. Plaintiff earned a Master of Science Administration with a concentration in Human Resources in 1987 from Central Michigan University located in Mt. Pleasant, Michigan.

13.  Plaintiff commenced her employment with Defendant as its Director of Human Resources and Administrative Services on or about November 13, 2016.

14.  Since September 6th, 2021 Plaintiff has been placed on administrative leave by the Defendant's Managing Director Mr. Fred Peivandi ("Mr. Peivandi"), her supervisor because she filed a retaliation complaint against him with Defendant.

15.  At all times relevant hereto, Plaintiff performed her job diligently and competently as a Senior Professional. Giving undeniable performance and contribution to the Defendant.

16.  Under Plaintiff's leadership as the HR Director, she initiated numerous cost saving initiatives resulting in more than $300,000 in yearly savings, to the Defendants' Operation.

17.  Under Plaintiffs leadership, HR initiated the most recent revision of the GCRC work rule book; the work rule book had not been revised in 43 years.

18.  At all relevant times, Plaintiff was an employee, and Defendant was her employer, covered by and within the meaning of Title VII and the ELCRA.

## COUNT I

## DISCRIMINATION IN VIOLATION OF TITLE VII AND ELCRA

19.    Plaintiff incorporates by reference herein the allegations contained in the

foregoing paragraphs.

20.    A plaintiff may show discrimination by direct evidence, or a plaintiff lacking

direct evidence of discrimination may succeed on a Title VII claim by

presenting indirect evidence under the framework first set forth in

McDonnell Douglas Corp v. Green, S. 792, 802–03, 93 S.Ct. 1817, 36

L.Ed.2d 668 (1973).

21.    Plaintiff was suspended then retaliated against because she filed a complaint

about her treatment at Defendant. When Caucasian individuals filed

complaints at Defendant they were not suspended or placed on

administrative leave.

22.    There have been several complaints and lawsuits filed by African-Americans

who work for Defendant currently. Defendant's Mateninance Director

Anthony Branch (Black, Male) has a current Hiring Discrimination case

against Defendant. Plaintiff was Deposed in the lawsuit and was admonished

by Mr. Peivandi as a result of her testimony.

5

23.   Plaintiff reported being admonished for her deposition testimony by Mr. Peivandi and Defendant failed to take corrective action.

24.   Plaintiff was on a double-edged sword as an African-American and the HR Director; experiencing discrimination herself and trying to prevent others from experiencing it.

25.   This would come to be known as a "Turf war" with the Defendant's Managing Director, Mr. Peivandi. Intentional Racism was the true meaning of the "Turf war".

26.   Plaintiff filed this lawsuit because Defendant continues to retaliate against her, i.e., current administrative leave for filing her complaint against Mr. Peivandi.

27.   In 2019, Mr. Peivandi requested HR to provide him with a list of employees by name and race. When questioned about the list, Mr. Peivandi could not provide a viable answer as to why he needed the requested list.

28.   This matter was brought to the Defendant's attention by the Plaintiff and questions were raised by a Genesee County Commissioner who became aware of the matter.  Plaintiff witnessed Mr. Peivandi referring to the requested list when making disciplinary decisions.

6

29.     Defendant did nothing and failed to take corrective action concerning this matter.

30.     Members of the community spoke at public comment. Defendant never addressed Mr. Peivandi's behavior regarding this matter and failed to take corrective action.

31.     Plaintiff filed an internal Complaint of Discrimination against Mr. Peivandi to Defendant on January 28, 2021 in accordance with Defendant's Complaint.

32.     Defendant Commissioners and Mr. Peivandi provided Plaintiff with a copy of findings from the Investigator on or about June 27, 2021 and the letter was dated April 27, 2021.  Defendant's Investigator concluded his letter stating he believed the Problem to be characterized as a "Turf War" and a "Power struggle" and that Plaintiff leveraged her position as HR Director against Mr. Peivandi and that Plaintiff bore responsibility for it.

33.     The "Turf war" was Plaintiff using her 20 years of HR experience to help Defendant treat everyone equally, including herself as an African-American.

## COUNT II

## RETALIATION IN VIOLATION OF TITLE VII AND ELCRA

34.   Plaintiff incorporates by reference the foregoing paragraphs as if fully set
forth at length herein.

35.   Plaintiff repeatedly engaged in conduct protected under both Title VII and
the ELCRA.

36.   On July, 1, 2021, Mr. Peivandi sent Plaintiff an email after the investigation
results comprised of five directives to be used as a means of corrective action
to her complaint against him.

37.   Subsequently, Plaintiff was subjected to an unmerited two-week suspension
based on the alleged insubordination of one or more of the directives.

38.   Plaintiff filed a complaint with Defendant regarding her suspension against
Peivandi in compliance with Defendant's Complaints Policy. August 28th,
2021 complaint of Retaliation with Defendant against Mr. Peivandi in
accordance with the Defendants complaint policy.

39.   On September 6, 2021, Plaintiff was emailed she was put on Administrative
Leave starting September 7, 2021 for filing an internal complaint of

harassment and retaliation against Mr. Peivandi with Defendant. Mr. Peivandi initiated this leave.

40. Plaintiffs' former co-worker, Director of Finance Coetta Adams (Caucasian woman), former Director of Finance filed a discrimination complaint against Peivandi on November 11, 2018. Director Adams was not put on administrative leave, while an investigation into her complaint was being conducted.

## UNLAWFUL PAY DISCRIMINATION

41. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

42. The Plaintiff and Anthony Branch who have engaged in protected activity. received a 1%. Raise and 2% raise for the 2021-2022 budget passed by Defendant in September. This reflects large raises up to $15,000 in pay for the three Caucasian directors who have not engaged in protected activity.

43. Defendant cannot justify these actions.

9

## COUNT III

## SECTION 1981 CLAIMS INTENTIONAL DISCRIMINATION

44.   Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

45.   But for Plaintiff being black, she would not have been treated as she was and suspended and then placed on administrative leave for filing a complaint.

46.   But for Plaintiff being, she would have received higher than a 2% raise.

47.   Defendant continuously and intentionally discriminated against Plaintiff and other African-American's because of their race.

48.   In 2013, Defendant employee Kim Littles (African American woman) was denied a wage increase but her white female colleagues were given raises.

49.   In 2018, Hiring Discrimination Hiring Discrimination against Lamell Adam, an African American male. Lamell Adams was interviewed for Defendant's newly created Service Resolution Coordinator position early January 2018. Adams was interviewed and selected for the position. Adams was officially offered the position.  Defendants denied him and rescinded the offer made to Adams.

## RELIEF REQUESTED

For all of the foregoing reasons, Plaintiff demands judgment against Defendant as follows:

1. Plaintiffs Return to work; Defendant to create a Diversity, Equity and Inclusion plan for all employees to combat Systemic Racism at Defendant.

2. Attorney's fees and court costs;

3. Compensatory damages in whatever amount she is found to be entitled.

4.  Exemplary and punitive damages in whatever amount she is found to be entitled.

5. All other relief to which she is entitled.

Respectfully submitted,

Lee Legal Group, PLLC

_____
CHARIS LEE
State Bar No. P84127
LEE LEGAL GROUP, PLLC
117 W. Flint Park Blvd.
Flint, MI, 48505
Telephone: 810-513-9257
E-mail/E-service: **Charis@leebusinesslaw.com**

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

DONNA POPLAR,

      Plaintiff,

v.                                                    CIVIL ACTION NO:  4:21-cv-12568

GENESEE COUNTY ROAD
COMMISSION,

      Defendants.

## JURY DEMAND

Plaintiff, DONNA POPLAR demands a jury trial on all issues.

Respectfully submitted,

**Lee Legal Group, PLLC**

_____
CHARIS LEE
State Bar No. P84127
LEE LEGAL GROUP, PLLC
117 W. Flint Park Blvd.
Flint, MI, 48505
Telephone: 810-513-9257
DATE Nov. 2, 2021    E-mail:/ E-service Charis@leebusinesslaw.com

12