**IT IS THE RESPONSIBILITY OF COUNSEL
TO READ THE ENTIRE ORDER**
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Donna Poplar,

    Plaintiff(s),

                              Case No: 21-12568
v.                            Honorable Victoria A. Roberts

Genesee County Road Commission,

    Defendant(s).
_____/

## RULE 16 SCHEDULING ORDER (PHASE I)

**PLEASE DOCKET IMMEDIATELY;
NO FURTHER NOTICE OF THESE DATES WILL BE SENT**

1. Exchange of Initial Disclosures under FRCP 26(a)(1): <u>   Done            </u>.

2. Deadline to Amend: <u> 6/23/2022                                     </u>.

3. Deadline for identification of all fact witnesses: <u>4/1/2022              </u>.

4. Expert disclosures: <u> Plaintiff: 5/25/2022; Defendant 5/31/2022            </u>.

4. Plaintiff: Reports pursuant to FRCP 26(a)(2)(B) or Disclosures pursuant to FRCP 26(a)(2)(C) by experts are due: <u> Reserved until after settlement conference                                                        </u>.

5. Defendant: Reports pursuant to FRCP 26(a)(2)(B) or Disclosures pursuant to FRCP 26(a)(2)(C) by Defendant experts are due: <u>  Reserved until after settlement conference                                            </u>.

6.     Rebuttal reports are due: __Reserved until after settlement conference__ .

7.     Discovery Motions **must be filed by**: __7/22/2022__ .
PLEASE NOTE: Before moving for an order relating to discovery, the movant must first confer with opposing counsel and then file a request for a conference with the Court, stating that a conference was held with opposing counsel, and outlining the nature of the unresolved dispute. (F.R.C.P. 16 (b)(3)(B)(v)). Sanctions may be imposed against any party who unreasonably refuses to resolve a discovery dispute.

8.     Deadline for **completing fact discovery**: __7/22/2022__ .

9.     Settlement Conference date and time: __8/4/2022 at 10:00am__ .

    Is Settlement Conference referred to Magistrate Judge? ___ Yes __X__ No

10.     Date to submit Confidential Settlement Conference Summary: __7/28/2022__ .

    PLEASE NOTE: The parties are required to discuss settlement and exchange numbers before submitting the Confidential Settlement Summary. Failure of any party to engage in this pre-settlement conference process may result in the imposition of sanctions.

    At the Settlement Conference, parties (and insurance company representatives) must appear and must have full settlement authority. Such persons and entities are ordered to prepare for and participate in the Settlement Conference in objective good faith.

    For the Defendant, the representative must have final authority, in the representative's own discretion, to pay a settlement amount up to Plaintiff's last demand. If this representative is an insurance company, the representative must have final authority to commit the company to pay, in the representative's own discretion, an amount up to the Plaintiff's last demand if within policy limits, or if not within policy limits, the limits of the policy, whichever is lower.

    For a Plaintiff, such representative must have final authority, in the representative's own discretion, to authorize dismissal of the case with prejudice, or to accept a settlement amount down to Defendant's last offer, whichever is higher.

**SANCTIONS WILL BE IMPOSED IF THE PARTY WITH FULL SETTLEMENT AUTHORITY FAILS TO APPEAR.**

In preparation for the Settlement Conference, each side must provide the Court with the following information. Please deliver one copy directly to chambers. **Do not electronically file; do not serve opposing counsel. You must type the question and then your answer.**

**CONFIDENTIAL
PRE-SETTLEMENT SUMMARY**
(to be submitted only to the Court)

1.  Name of the case, including docket number (Pre-Settlement Summary must be prepared in pleading format, double spaced and include page numbers):

2.  Name of party submitting this form:

3.  Name, address, phone (including cell phone), e-mail and fax number of submitting party/attorney:

4.  Name of client who will attend the Settlement Conference, including title:

5.  Listing of the pleading demands for damages, declaratory judgments and language for any requested injunction:

6.  For the Plaintiff, how you intend to prove damages:

7.  For the Defendant, how you intend to meet Plaintiff's claim of damages:

8.  Circle one of the following as to the status of discovery: (i) little or none; (ii)

moderate amount, but incomplete; or (iii) essentially complete or complete.

9. Identify discovery/information <u>essential</u> to forming a realistic settlement position (this is not to be a listing of what you will present at trial, but what you need to discuss settlement):

10. List the primary disputed factual issues:

11. Is there a key factual issue where a non-binding early neutral evaluation might significantly advance settlement prospects? What is it?

12. List the primary disputed legal issues and what your burden of proof is. Discuss any difficulties you foresee in meeting your burden of proof.

13. Is there a key legal issue that, if resolved, could significantly advance settlement prospects? *E.g.*, stipulated cross-motions for partial summary judgment, or a *Markman* ruling in a patent case.

14. Chronological summary of settlement offers and responses (use separate sheet if necessary):

15. Honest evaluation, Plaintiff, of what you will settle for and, Defendant, what you will pay. The parties are urged to state serious evaluations. If it appears from the figures provided that settlement would be futile, the Court **WILL CANCEL** the Settlement Conference and simply provide dates through trial. An exercise in futility, for example, would be one in which the Plaintiff

states he/she will settle for $300,000, and the Defendant will only pay $10,000. Remember, the figures you provide are for the Court only, and not opposing counsel.

16. Brief description of non-monetary interests and objectives of submitting party:

17. Description of likely or possible ongoing or future relationships between the parties:

18. Brief description of sensitive topics:

19. Does any party representative likely to attend the settlement conference have an extreme dislike for any other person likely to attend on behalf of the other party? Who? Why?

20. List the two or three strongest points in your case:

21. List the two or three weakest points in your case:

22. How would you present this case if you were on the opposing side? (it is exceedingly important that you present this section objectively. **<u>Do Not</u>** resort to becoming advocate, again, on behalf of your client.)

23. Litigation expenses to date, and your estimate of costs/attorney fees if this matter goes to trial:

24. A statement acknowledging that the parties discussed settlement as part of

their preparation of this Confidential Pre-Settlement Summary.

25. On the day of the conference, both sides should be prepared to present an oral summary of the case.

**PLEASE NOTE THE FOLLOWING**:

1. The parties **may not stipulate** to extend any dates if it impacts the Settlement Conference date set by the Court.

2. **Briefing Schedule**: Unless specifically addressed in this Order, the local court rules apply for filing responses and replies to motions.

3. **All briefs** shall comply strictly with LR 7.1 (Statement of Issues, Statement of Controlling/Most Appropriate Authority), and, in addition, must contain a Table of Contents, an Index of Authorities and an Index of Exhibits. The Exhibits must be tabbed. Unpublished cases should be attached. **Counsel are to highlight relevant portions of exhibits to which the Court's attention should be directed.** Furthermore, the format requirements as set forth in LR 5.1 must be strictly adhered to. A courtesy copy of all motions and briefs must be submitted directly to Judge Roberts' chambers and must contain the file stamp header. Failure to comply with this paragraph may result in rejection of your brief.

4. **Motion hearings**: Pursuant to L.R. 7.1(e)(2), the Court will decide motions

on the briefs filed, **UNLESS** the Court issues a Notice of Motion Hearing.

5.  Counsel are advised to **bring their calendars** to the Settlement Conference. If settlement is not reached, the Court will hold a Scheduling Conference and set dates beginning with the deadline to file dispositive motions, through trial.

6.  **No dispositive motions** are allowed prior to the conclusion of the Settlement Conference without permission of the Court.

**THE ABOVE CONSTITUTES AN ORDER OF THIS COURT.**

     S/ Victoria A. Roberts
Honorable Victoria A. Roberts
United States District Court

Dated: 4/2/2022
(Revised 10/2017)