UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA POPLAR,

    Plaintiff,

v

GENESEE COUNTY ROAD
COMMISSION and FRED F. PEIVANDI, in
his individual Capacity,

    Defendants.

CASE NO: 2:21-cv-12568-VAR-JJCG

HON. VICTORIA A. ROBERTS

| | |
|---|---|
| Charis Lee (P84127)<br>LEE LEGAL GROUP, PLLC<br>Attorney for Plaintiff<br>117 W. Flint Park Blvd.<br>Flint, MI 48505<br>(810) 513-9257<br>charis@leebusinesslaw.com | Andrew A. Cascini (P76640)<br>HENN LESPERANCE PLC<br>Attorneys for Defendants<br>32 Market Ave., SW, Suite 400<br>Grand Rapids, MI 49503<br>(616) 551-1611<br>aac@hennlesperance.com |
| Julie A. Gafkay (P53680)<br>GAFKAY LAW, PLC<br>Co-Counsel for Plaintiff<br>604-A S. Jefferson Ave.<br>Saginaw, MI 48607<br>(989) 652-9240<br>jgafkay@gafkaylaw.com | |

**DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO UNDERGO INDEPENDENT MEDICAL EXAMINATION**

NOW COME, Defendants, GENESEE COUNTY ROAD COMMISSION and FRED F. PEIVANDI, in his individual capacity, to move this Court under Fed. R. Civ. P. 35 to compel Plaintiff to undergo an independent medical examination. The Motion is supported by the accompanying brief.

In compliance with the Local Rule 7.1 of the United States District Court for the Eastern District of Michigan, the Defendants attempted to obtain concurrence from Plaintiff's counsel with this Motion. After a brief in-person conference concerning this matter and detailed email correspondence between the attorneys in which legal counsel for the Defendants explained the nature of the request and its legal basis, Plaintiff's legal counsel respectfully declined to concur in the relief sought.

WHEREFORE, the Defendants ask this Court to grant their Motion to Compel Plaintiff to Undergo Independent Medical Examination.

Dated: July 22, 2022

/s/ *Andrew A. Cascini*
Andrew A Cascini
HENN LESPERANCE PLC
32 Market Ave SW, Ste. 400
Grand Rapids, Michigan 49503
(616) 551-1611
aac@hennlesperance.com

HENN LESPERANCE PLC

## BRIEF IN SUPPORT OF MOTION TO COMPEL PLAINTIFF TO SUBMIT TO INDEPENDENT MEDICAL EXAMINATION

### INTRODUCTION

Defendants Genesee County Road Commission ("Road Commission") and Fred Peivandi seek to conduct an independent mental examination ("IME") of Plaintiff Donna Poplar regarding her mental condition as permitted by Federal Rule of Civil Procedure 35. Plaintiff has placed her mental condition into controversy by alleging mental and emotional damages in her Complaint and subsequent deposition testimony. Furthermore, Plaintiff has listed medical experts who will likely testify in greater detail regarding her alleged mental and emotion injuries. Defendants should be permitted to contest the presented and anticipated evidence by having Plaintiff undergo an IME, at a date to be determined.

### PERTINENT FACTS

On March 7, 2022, Plaintiff filed her First Amended Complaint against Defendants for various alleged discriminatory employment practices. Plaintiff expressly states in her Complaint that as a "direct and proximate result of Defendants' unlawful actions against Plaintiff as described, Plaintiff has suffered injuries and damages including but not limited to. . . mental and emotional distress; and loss of ordinary pleasures of life." [See Plaintiff's Complaint, ¶ 53, 60, 70, 77, 83. 93, 103, 111]. Plaintiff further requests relief in the form of "[c]ompensatory damages including but not limited to mental and emotional distress, humiliation, embarrassment, loss of ordinary pleasures . . . ." [See Plaintiff's Complaint, p 20].

Plaintiff confirmed through her testimony that her damages were in part based on injuries caused to her mental condition, stating:

> Q: Ms. Poplar, in your Complaint, you allege a variety of different damages—injuries and damages. I'm going to, repeating, but let's take a look at paragraph 53, for example. ". . .Plaintiff has suffered injuries and damages, including but not limited to potential loss of earnings and earning capacity; loss of career

opportunities; loss of reputation and esteem in the community; mental and emotional distress; and loss of pleasures of life. Is that correct?

A. Yes.

Q: Those are the damages that you're claiming in this lawsuit?

A: In this lawsuit, yes.

[**Exhibit A**, Plaintiff's Deposition p 269-270]

Plaintiff additionally testified that she has suffered "serious mental and emotional trauma" as a result of the alleged discrimination [**Exhibit A**, Plaintiff's Deposition p 121-122] and that her alleged mental injuries have further caused her physical injuries as well, stating:

> Randy refuses to give me an assistant, and I have shared with them, as a result of it, you're putting a lot of harm, and you're possibly going to be leading me where I could be subjected to more eye loss. I only have one eye. I have severe glaucoma; and <u>the amount of stress that they're putting on me, the amount of emotional stress they're putting on me, the amount of mental anguish that they're putting on me is causing me to have some serious problems</u>. <u>When the stress is so high, it could lead me to blindness</u>. They don't seem to care about the physical disability, which was evident when [Defendant Peivandi] said to me, when I first started talking to him about my disability, as though—and then to be told that I'm using my disability as a means of getting my way, that lets me know that, I believe, the denial of my having—my request to fill the position is deliberate, to cause me more physical, mental and emotional harm, and I strongly believe, Andrew, that is based on my race. There is no other variable other than that of my race and the hate that Fred has already expressed that he has for me.

[**Exhibit A**, Plaintiff's Deposition p 156-157] (emphasis added).

She then testified that the alleged discrimination has caused her to lose certain pleasures in life like losing interest in her hobbies, participating in family events, enjoying time with her husband, and motivating others. [**Exhibit A**, Plaintiff's Deposition p 279]

Finally, Plaintiff testified that, as a result of the alleged discrimination, she has been receiving treatment from psychiatrist K.V. Matthews MD, whom she has seen every two weeks for approximately the past 7 or 8 months. [**Exhibit A**, Plaintiff's Deposition p 274-275]. She

HENN LESPERANCE PLC

additionally speaks with a spiritual counselor/therapist, Seon Thompson, on a weekly basis to assist with her emotional distress. **[Exhibit A**, Plaintiff's Deposition p 277- 278]. Finally, she has regularly seen her physician, Santhi Mekala MD, for past two years regarding her physical conditions. **[Exhibit A**, Plaintiff's Deposition p 278]. Plaintiff has listed all three as expert witnesses who may testify at the time of trial. [**Exhibit B**, Plaintiff's Expert Witness List].

## LEGAL STANDARD

Fed. R. Civ. P 26(b)(1) provides for broad discovery in cases by permitting parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." In cases where there are claims of physical or mental damages, an opposing party can discover the extent of such alleged damages through an IME as provided by Fed. R. Civ. P 35, which states as follows:

> (a) Order for an Examination
>
> > (1) *In General*. The court where the action is pending may order a party whose mental or physical condition-including blood group-is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination.
> >
> > (2) *Motion and Notice; Contents of the Order*. The order:
> >
> > > A. may be made only on motion for good cause and on notice to all parties and the person to be examined; and
> > >
> > > B. must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Accordingly, the party making the motion to compel IME has the burden of demonstrating that: (i) the opposing party's physical or mental condition is in controversy, and (ii) there is good cause to require the opposing party to submit to the examination." *Santifer v Inergy Auto Sys, LLC*, No. 5:15-CV-11486, 2016 WL 1305221, at *2 (ED Mich, April 4, 2016) (internal citations

HENN LESPERANCE PLC

omitted) (attached as **Exhibit C**). The pleadings alone may be sufficient to meet requirements of demonstrating that the mental condition is in controversy and that good cause exists. See *Schlagenhauf v Holder*, 379 US 104, 119 (1964) ("A plaintiff . . . who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury).

However, where a plaintiff has merely pled damages for mental anguish for "garden variety emotional distress", the Eastern District Court of Michigan has considered five factors to determine whether the mental condition is in controversy and whether there is good cause to compel a plaintiff to undergo an IME. *Shiff v ImageMaster Printing, LLC*, No. CV 18-12302, 2021 WL 2213800, at *1 (ED Mich, February 22, 2021) (attached as **Exhibit D**) citing to *Owens v Sprint/United Mgt Co*, 221 FRD 657, 660 (D Kan, 2004) (defining "garden variety emotional distress" as the generalized insult, hurt feelings and lingering resentment which anyone would be expected to feel if he or she were the recipient of an adverse employment action attributed to discrimination.") Such factors are as follows:

1) A cause of action for intentional or negligent infliction of emotional distress;

2) Allegations of a specific psychiatric injury or disorder as a result of defendants' conduct;

3) Claims of unusually severe emotional distress;

4) Offer of expert testimony regarding emotional distress; and/or

5) Plaintiff's concession that the mental condition is "in controversy."

*Green v Michigan Dept of Nat. Res*, No. CIV A 08-14316, 2009 WL 1883532, at *2 (ED Mich, June 30, 2009) (attached as **Exhibit E**), citing to *Turner v Imperial Stores*, 161 FRD 89, 93 (SD Cal, 1995).

In the context of discrimination cases, this Court focuses primarily on the second, third, and fourth factors, and has granted such motions where at least one of the factors were present. In *Green*, for example, plaintiff claimed that the motioning defendant did not meet the good cause standard under a Rule 35 motion because he did not seek psychological or psychiatric treatment because of the discrimination, nor had a psychological or psychiatric expert been retained in support of the allegations made. *Id*. However, this Court granted defendant's motion to compel specifically because Plaintiff alleged "far more than garden variety emotional distress" by alleging to have suffered the specific mental disorders of anxiety and depression as a result of the defendant's conduct; by alleging that he would continue to suffer from the emotional distress in the future; and by alleging that there were physical manifestations of the emotional distress. *Id* at 2-3. Furthermore, in *Gaines-Hanna v Farmington Pub Sch*, No. 04-CV-74910-DT, 2006 WL 932074 at *9-10 (ED Mich, April 7, 2006) (attached as **Exhibit F**), this Court granted the defendant's Rule 35 motion when plaintiff listed a clinical psychologist as an expert witness and requested compensation for future medical and psychological treatment as a result of the alleged discrimination.

This Court has denied Rule 35 motions where plaintiffs merely pled the "garden variety" allegations of emotional distress and did not retain expert witnesses to support allegations of mental and emotional distress. See *Santifer v Inergy Auto Sys, LLC*, No. 5:15-CV-11486, 2016 WL 1305221 (ED Mich, April 4, 2016). Furthermore, this Court has denied a Rule 35 motion where plaintiff did not seek mental health treatment as a result of defendant's alleged conduct or been diagnosed with any mental condition by such medical provider. See *Shiff v ImageMaster Printing, LLC*, No. CV 18-12302, 2021 WL 2213800, at *3 (ED Mich, February 22, 2021).

## ANALYSIS

Here, the Court should compel Plaintiff to undergo an IME because Plaintiff has placed her mental condition in controversy and good cause exists to do so. Fed. R. Civ. P 35. Plaintiff's Complaint expressly puts her mental condition into controversy by alleging that she has suffered mental and emotional distress and loss of ordinary pleasures of life as a direct and proximate cause of the alleged discrimination by the Defendants. (See Plaintiff's First Amended Complaint, ¶ 53, 60, 70, 77, 83. 93, 103, 111). Moreover, facts previously used by this Court to grant such motions are overwhelmingly present in this case and indicate that her allegations for mental damages are far more than the "garden variety" emotional distress claims typically made in discrimination cases. See *Green*, 2009 WL 1883532; see also *Gaines-Hanna*, 2006 WL 932074.

Plaintiff's deposition testimony supports that she will be seeking damages for her alleged mental injuries and that such injuries are unusually severe. In her deposition, Plaintiff specifically indicates that her "challenges" with Defendant Peivandi have "led to some serious health issues" and "some serious mental and emotional trauma" that she currently experiences. [**Exhibit A**, p 121-122]. Plaintiff further testified to suffering a high amount of stress because of the Defendants' refusal to provide her with an assistant, which she attributes to be solely due to discrimination based on her race. [**Exhibit A**, p 155-156]. She also testified to how the emotional damages resulting from the alleged discrimination have prevented her from enjoying her hobbies, time with her family, and her previous desire to motivate others. [**Exhibit A**, p 279]. Importantly, like in *Green*, Plaintiff alleges that the additional stress caused by Defendants' alleged discrimination has led to a physical manifestation of those mental injuries. Specifically, Plaintiff testified that she suffers from glaucoma and the high stress caused by Defendants' alleged discriminatory treatment of her has caused her to "have some serious problems" that "could lead to blindness." [**Exhibit

**A**, p 157]. Plaintiff's testimony therefore reveals that she is claiming "unusually severe" emotional distress that is far more than the alleged garden variety emotional distress typically alleged in a discrimination case. See *Green*, 2009 WL 1883532 at *3.

Moreover, Plaintiff testified that she began seeing psychiatrist KV Matthews bi-monthly because of the alleged discrimination in this case. [**Exhibit A**, p 274-275]. She has further listed Dr. Matthews in addition to her pastor-therapist Seon Thompson and her primary care physician Santhi Mekala MD as experts in this case. [**Exhibit B**, Plaintiff' Expert Witness List]. Like in *Gaines-Hanna*, and unlike *Santifer* and *Shiff*, Plaintiff's treatment by mental health providers and their listing as experts who will likely testify in support of Plaintiff's mental damages at trial should provide sufficient justification to subject Plaintiff to an IME. *Gaines-Hanna*, 2006 WL 932074 at *9-10; *Santifer*, 2016 WL 1305221; *Shiff* 2021 WL 2213800. Plaintiff's expert witnesses will likely testify as to how the alleged discrimination by Defendants have caused Plaintiff's alleged mental damages, and will supposedly testify in greater detail regarding the specific ways in which Plaintiff suffers from such mental damages. Accordingly, good cause exists based on these facts alone because fundamental fairness would therefore require Plaintiff to undergo an IME to assess Plaintiff's mental condition, so that Defendants may be able to adequately contest the anticipated testimony by the listed expert witnesses.

## CONCLUSION

Accordingly, for the reasons stated above, Defendants respectfully request this Court to compel Plaintiff to undergo an IME to further assess her alleged mental damages. Plaintiff has clearly placed her mental condition at issue in this matter, as demonstrated by her pleadings, deposition testimony, and the filing of an expert witness list containing experts who will testify regarding her mental condition. Good cause exists to subject Plaintiff to undergo the IME for her

mental condition because Defendants should be permitted to refute the allegations made and the anticipated testimony of the listed experts.  Defendants further request any other relief that may be granted by this Court.

Dated:  July 22, 2022

/s/ *Andrew A. Cascini*
Andrew A Cascini
HENN LESPERANCE PLC
32 Market Ave SW, Ste. 400
Grand Rapids, Michigan 49503
(616) 551-1611
aac@hennlesperance.com