UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA POPLAR,

    Plaintiff,

v

GENESEE COUNTY ROAD
COMMISSION and FRED F. PEIVANDI, in
his individual Capacity,

    Defendants.

CASE NO: 2:21-cv-12568-VAR-JJCG

HON. VICTORIA A. ROBERTS

| | |
|---|---|
| Charis Lee (P84127)<br>LEE LEGAL GROUP, PLLC<br>Attorney for Plaintiff<br>117 W. Flint Park Blvd.<br>Flint, MI 48505<br>(810) 513-9257<br>charis@leebusinesslaw.com | Andrew A. Cascini (P76640)<br>HENN LESPERANCE PLC<br>Attorneys for Defendants<br>32 Market Ave., SW, Suite 400<br>Grand Rapids, MI 49503<br>(616) 551-1611<br>aac@hennlesperance.com |
| Julie A. Gafkay (P53680)<br>GAFKAY LAW, PLC<br>Co-Counsel for Plaintiff<br>604-A S. Jefferson Ave.<br>Saginaw, MI 48607<br>(989) 652-9240<br>jgafkay@gafkaylaw.com | |

**STIPULATION AND ORDER REGARDING DEFENDANTS' RULE 35 MOTION TO COMPEL PLAINTIFF TO UNDERGO INDEPENDENT MEDICAL EXAMINATION**

    WHEREAS the Defendants have filed with the Court a pending Motion pursuant to Fed. R. Civ. P. 35 requesting an Order to compel the Plaintiff to submit to an independent medical examination of her mental and emotional health, legal counsel for the Parties have met repeatedly over the last two weeks to attempt to reach an agreement pursuant to all material terms and conditions governing such examination at the Court's request. Accordingly, the Parties have

jointly stipulated to certain conditions regarding the Defendants' requested examination, and jointly stipulate to the Court's granting of the pending Motion through a Proposed Order (attached) reflecting those stipulated conditions. Those conditions are as follows:

1. The total time for the examination, including time waiting to meet with the doctor, shall not exceed seven hours; with a 30-minute lunch break included in this time frame. Neither the lunch period nor any other break may interrupt any ongoing timed test or other portion of the exam.

2. The examination will be conducted at a time that is mutually agreeable to the IME examiner and the Plaintiff.

3. The examination will be conducted in a place within a reasonable geographic scope, with such place not to be located farther than 75 miles away from Flint (expressly including, but not limited to, the Greater Detroit, Ann Arbor, Lansing, or Saginaw areas).

4. The scope of the exam may only include the following with respect to matters of inquiry: (i) the plaintiff's mental and emotional condition; and (ii) sources, reasons, and other factors contributing to that mental and emotional condition, and not including a physical/physiological evaluation of her physical visual disability, the existence of which is not disputed by either Defendant.

5. Plaintiff's attorney shall be allowed to be go to the examination and wait in the waiting room, except the attorney may not use any method or means to exercise this right which is otherwise prohibited under the FRCP or any provision of this stipulated order while Plaintiff is being examined.

6. Plaintiff shall have the right to take breaks during the exam and talk with her attorney; breaks outside of the lunch break will not be included in the total time for the exam.

7. Plaintiff's attorney shall have the right to make sure the examination does not exceed the stipulated time.

8. Defendants' attorney shall provide Plaintiff's attorney with a current copy of the resume or curriculum vitae of Defendants' selected examiner at least 10 calendar days prior to the examination.

9. No diagnostic test or procedure that exceeds the scope of inquiry established in Stipulation No. 4 above shall be performed by the examiner, except that the Parties agree the administration of the MMPI-2 examination does not exceed the scope of the inquiry established in #4.

10. Plaintiff will not sign any forms in connection with the examination unless forms have been prior reviewed and approved by her counsel. To the extent the forms' primary purpose is to provide for an examination to be performed or reports to be released, Plaintiff's counsel will not unreasonably withhold approval of said forms.

11. Plaintiff will not be photographed or recorded, in any way, during the examination and Plaintiff will not photograph or record.

12. The DME examiner must be provided a copy of this stipulation and order prior to the exam.

13. The Plaintiff shall not be required to bring any records with her to the examination.

14. As part of the examination, Plaintiff may be required to take the MMPI-2 test. If Plaintiff is required to take the MMPI-2 exam, appropriate and functional visual accommodations will be provided for her visual disability.

15. Plaintiff's counsel shall be provided with the following information, if Plaintiff is required to take any standardized or computerized test or exam as part of the examination: all underlying data; the answer sheet; all documents regarding interpretation of the results; all

HENN LESPERANCE PLC

raw data; and all computer-generated reports. By stipulating to the entry of this Order, Plaintiff is not stipulating to the admissibility of the results of any standardized or computerized test or exam and expressly reserves the right to challenge the same.

**STIPULATED & AGREED TO BY:**

*/S/ CHARIS LEE (W/PERMISSION)*
CHARIS LEE -OR- JULIE GAFKAY
ATTORNEYS FOR PLAINTIFF
DATED: AUGUST 24, 2022

**STIPULATED & AGREED TO BY:**

*/S/ANDREW CASCINI*
ANDREW CASCINI (P76640)
HENN LESPERANCE PLC
ATTORNEYS FOR DEFENDANTS

DATED: AUGUST 24, 2022

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA POPLAR,

    Plaintiff,

v

GENESEE COUNTY ROAD COMMISSION and FRED F. PEIVANDI, in his individual Capacity,

    Defendants.

CASE NO: 2:21-cv-12568-VAR-JJCG

HON. VICTORIA A. ROBERTS

---

Charis Lee (P84127)
Lee Legal Group, PLLC
Attorney for Plaintiff
117 W. Flint Park Blvd.
Flint, MI 48505
(810) 513-9257
charis@leebusinesslaw.com

Andrew A. Cascini (P76640)
Henn Lesperance PLC
Attorneys for Defendants
32 Market Ave., SW, Suite 400
Grand Rapids, MI 49503
(616) 551-1611
aac@hennlesperance.com

Julie A. Gafkay (P53680)
Gafkay Law, PLC
Co-Counsel for Plaintiff
604-A S. Jefferson Ave.
Saginaw, MI 48607
(989) 652-9240
jgafkay@gafkaylaw.com

## **ORDER**

At a session of the Court, held in the United States District Court Eastern District of Michigan Courthouse on the 25th day of August, 2022.

PRESENT:    HON. VICTORIA A. ROBERTS
                    CIRCUIT COURT JUDGE

Henn Lesperance PLC

Pursuant to the stipulation and agreement of legal counsel for the Parties, IT IS ORDERED that Defendants' pending Motion under Fed. R. Civ. P. 35 is GRANTED, provided that the underlying examination shall be conducted pursuant to the following stipulated requirements and conditions:

1. The total time for the examination, including time waiting to meet with the doctor, shall not exceed seven hours; with a 30-minute lunch break included in this time frame. Neither the lunch period nor any other break may interrupt any ongoing timed test or other portion of the exam.

2. The examination will be conducted at a time that is mutually agreeable to the IME examiner and the Plaintiff.

3. The examination will be conducted in a place within a reasonable geographic scope, with such place not to be located farther than 75 miles away from Flint (expressly including, but not limited to, the Greater Detroit, Ann Arbor, Lansing, or Saginaw areas).

4. The scope of the exam may only include the following with respect to matters of inquiry: (i) the plaintiff's mental and emotional condition; and (ii) sources, reasons, and other factors contributing to that mental and emotional condition, and not including a physical/physiological evaluation of her physical visual disability, the existence of which is not disputed by either Defendant.

5. Plaintiff's attorney shall be allowed to be go to the examination and wait in the waiting room, except the attorney may not use any method or means to exercise this right which is otherwise prohibited under the FRCP or any provision of this stipulated order while Plaintiff is being examined.

HENN LESPERANCE PLC

6. Plaintiff shall have the right to take breaks during the exam and talk with her attorney; breaks outside of the lunch break will not be included in the total time for the exam.

7. Plaintiff's attorney shall have the right to make sure the examination does not exceed the stipulated time.

8. Defendants' attorney shall provide Plaintiff's attorney with a current copy of the resume or curriculum vitae of Defendants' selected examiner at least 10 calendar days prior to the examination.

9. No diagnostic test or procedure that exceeds the scope of inquiry established in Stipulation No. 4 above shall be performed by the examiner, except that the Parties agree the administration of the MMPI-2 examination does not exceed the scope of the inquiry established in #4.

10. Plaintiff will not sign any forms in connection with the examination unless forms have been prior reviewed and approved by her counsel. To the extent the forms' primary purpose is to provide for an examination to be performed or reports to be released, Plaintiff's counsel will not unreasonably withhold approval of said forms.

11. Plaintiff will not be photographed or recorded, in any way, during the examination and Plaintiff will not photograph or record.

12. The DME examiner must be provided a copy of this stipulation and order prior to the exam.

13. The Plaintiff shall not be required to bring any records with her to the examination.

14. As part of the examination, Plaintiff may be required to take the MMPI-2 test. If Plaintiff is required to take the MMPI-2 exam, appropriate and functional visual accommodations will be provided for her visual disability.

15. Plaintiff's counsel shall be provided with the following information, if Plaintiff is required to take any standardized or computerized test or exam as part of the examination: all underlying data; the answer sheet; all documents regarding interpretation of the results; all raw data; and all computer-generated reports. By stipulating to the entry of this Order, Plaintiff not stipulating to the admissibility of the results of any standardized or computerized test or exam and expressly reserves the right to challenge the same.

s/Victoria A. Roberts
VICTORIA A. ROBERTS
DISTRICT COURT JUDGE