STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

ANTHONY BRANCH,

    Plaintiff,

v.

GENESEE COUNTY ROAD COMMISSION
AND MICHIGAN SOCIETY OF ASSOCIATION
EXECUTIVES, a domestic non-profit corporation,

    Defendants.

19 - 113700

Case No. 19-    -CD
Hon.

CELESTE D. BELL
P-41453

Carl R. Edwards (P24952)
**EDWARDS & JENNINGS, P.C.**
Attorney for Plaintiff
Cadillac Tower Building
65 Cadillac Square, Suite 2710
Detroit, Michigan 48226
(313) 961-5000
cedwards@edwardsjennings.com



A TRUE COPY
Genesee County Clerk

There is not another action which arises out of the same transaction and occurrence as stated herein, which is presently pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a judge in this court.

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, ANTHONY BRANCH, by and through his attorneys, Edwards & Jennings, P.C., by Carl R. Edwards, and for his Complaint against Defendants, Genesee County Road Commission and Michigan Society of Association Executives states as follows:

### JURISDICTION AND VENUE

1. Plaintiff, Anthony Branch, is an employee within the meaning of the Michigan Elliott-Larsen Civil Rights Act (ELCRA) MCL §37.2101, *et. seq.* He is African American.

2. Defendant, Genesee County Road Commission (hereinafter) (GCRC), is an employer within the meaning of the Elliott-Larsen Civil Rights Act.

3. Defendant, Michigan Society of Association Executives (hereinafter) (MSAE), was contracted by Genesee County Road Commission (GCRC) to interview, screen and select candidates whom would be interviewed by Defendant employer GGRC to fill the open position as Managing Director for Genesee County Road Commission (GCRC).

4. This matter exceeds damages of Twenty-Five Thousand ($25,000.00) Dollars, the jurisdictional required amount.

## FACTUAL BACKGROUND

5. Plaintiff, Anthony Branch, repeats, realleges paragraphs 1-4 herein and above, and incorporates these paragraphs as if fully stated.

6. Plaintiff, Anthony Branch, was initially hired by Defendant Genesee County Road Commission (GCRC) on or about September 19, 1988.

7. On or about March 2, 2004, Plaintiff, Anthony Branch, was promoted to the position Acting Director of Maintenance; and on or about June 16, 2004, Mr. Branch was promoted to the position Director of Maintenance GCRC.

8. From 2004 through the present 2019, Plaintiff Anthony Branch has served as Director of Maintenance GCRC, for a total of fifteen (15) years.

9. From 2004 – 2018, Plaintiff reported to Managing Director GCRC, John Daly, a white male.

10. As Director of Maintenance GCRC, Plaintiff Anthony Branch's job description required him to be stepped up and to perform the duties of Managing Director John Daly, running the entire GCRC temporarily during John Daly's absence. Plaintiff performed these duties

2

competently acting temporarily as Managing Director GCRC, running the entire Genesee County Road Commission many times over fourteen (14) years during the absences of Managing Director John Daly.

11. In addition, since 2004 during Plaintiff's tenure as Maintenance Director, his Department has employed seventy-five (75) employees out of the One Hundred Thirty (130) total GCRC employees; this represents fifty-eight (58%) percent of the total employees whom are employed by Defendant Genesee County Road Commission (GCRC).

12. In April, 2018, Genesee County Road Commission (GCRC), Managing Director John Daly retired from Defendant employer GCRC.

13. In May, 2018, Plaintiff, Anthony Branch, notified his employer, Defendant Genesee County Road Commission (GCRC), that he was a candidate seeking to be promoted from his then current position, Maintenance Director GCRC, to the top position as Managing Director Genesee County Road Commission.

14. However, Defendant Genesee County Road Commission (GCRC) violated Plaintiff Anthony Branch's rights protected by the Elliott-Larsen Civil Rights Act to be free from racial discrimination and did discriminate against Mr. Branch based on his race including but not limited to the following:

    (a) In May, 2018, Defendant employer Genesee County Road Commission (GCRC), changed the then existing Managing Director's job description that had existed during John Daly's entire tenure in the position to disqualify a candidate for the vacant Managing Director's position whom did not possess a college degree; Defendant GCRC knew that Plaintiff Anthony Branch did not possess a college degree, thus this education requirement excluded Plaintiff as a candidate for the top job at GCRC as Managing Director.
    (b) Defendant employee Genesee County Road Commission (GCRC), changed the Managing Director's job description that existed at the time that John Daly retired which allowed for on the job experience or a college

3

degree. Thereafter GCRC tailored the new Managing Director's job description to fit the educational background of white (Iran American) candidate Fred Peivandi whom had also applied for the top position as Managing Director. At the time of John Daly's retirement, Fred Peivandi was Director of Engineering Defendant Genesee County Road Commission (GCRC).

(c) Additionally, at the time that Managing Director John Daly retired Plaintiff Anthony Branch's Maintenance Director's job description specifically required Mr. Branch to perform the duties as Managing Director (GCRC) during John Daly's absence(s). In contrast, Fred Peivandi's job description as Director of Engineering never contained a similar requirement that Mr. Peivandi serve as Managing Director in John Daly's absence(s). Further from 2005-2018, a total of Thirteen (13) years, unlike Plaintiff Anthony Branch who performed in the top GCRC job as Managing Director during John Daly's absences, Fred Peivandi never served in the Managing Director's position in his entire Thirteen (13) year tenure as Director of Engineering, GCRC.

(d) Upon information and belief GCRC's Human Resources Director, Donna Poplar, informed Defendant Anthony Branch's employer that GCRC's decision to strike job experience from the Managing Director's formal job description and replace it with provision requiring a college degree would be seen as discriminating against Anthony Branch. Thereafter at its May 15, 2018, Board meeting GCRC reinstated either job experience or a college degree as a requirement for Managing Director's position. However, when the position for the Managing Director was formally posted, job experience had again been deleted in favor of college degree in violation of decision of GCRC's Board at its May 15, 2018 meeting.

(e) During its February 9, 2018 meeting Defendant Employer GCRC made both Director of Engineering, Fred Peivandi, and Plaintiff Maintenance Director, Anthony Branch, co-Interim Managing Directors.

(f) However, during its March 6, 2018 meeting Defendants GCRC's Board voted to only have co-Interim Managing Director, Fred Peivandi, replace John Daly on all the committees Daly served with the County's Road Association of Michigan. Co-Interim Managing Director Plaintiff, Anthony Branch, was not permitted to serve on any of the committee assignments formerly held by retired Managing Director John Daly with the County Road Association of Michigan.

(g) At its March 6, 2018, Board Meeting Chairperson, Shirley Kautman Jones stated that "GCRC's Board appointed Anthony Branch as an interim

4

co-Managing Director (along with Fred Peivandi, Director of Engineering) of the Genesee County Road Commission (GCRC). This was an action I strongly endorsed and supported based on Mr. Branch's experience, knowledge and years, service to the GCRC. I have full faith in the abilities of Mr. Branch to help lead GCRC through this transition period." (Letter dated March 6, 2018, Shirley Kautman Jones, Chairperson, Genesee County Road Commissioners).

(h)   Despite the fact that Plaintiff Anthony Branch was serving as co-Interim Managing Director GCRC, and despite writing the March 6, 2018 letter and her statement made March 6, 2018, at GCRC's Board meeting in support of Anthony Branch's job competence, experience and knowledge, Chairperson Jones denied Plaintiff Mr. Anthony Branch the ability to interview for the vacant Managing Director Genesee County Road Commission's position after John Daly retired.

(i)   There were three (3) finalist selected by Defendant GCRC's Board to interview for the vacant Managing Director's position once John Daly retired.

(j)   Fred Peivandi at the time was co-Interim Managing Director, and was one (1) of the three (3) finalist selected and allowed to interview for the vacant Managing Director's position by Defendants Genesee County Road Commission and Michigan Society of Association Executives. Co-Managing Director, Plaintiff Anthony Branch was not selected and allowed to interview for the Managing Director's position.

(k)   Upon information and belief, of the three (3) finalist, Fred Peivandi scored the worst interview, yet he was selected to replace John Daly as Managing Director Genesee County Road Commission (GCRC) by Defendant employer.

(l)   Almost immediately after Fred Peivandi's promotion to Managing Director Genesee County Road Commission (GCRC), he began a campaign treating Plaintiff Anthony Branch differently than Defendant employer GCRC's other Director level direct reports whom reported to the new Managing Director, Fred Peivandi, based on Plaintiff's race; one of Fred Peivandi's first acts as the new Managing Director was to take away Human Resources Director Donna Poplar and Plaintiff Anthony Branch's authority to discipline six (6) white supervisors whom reported to Mr. Branch. At the same time, no other GCRC Director had his or her authority to discipline their employees taken away from them by new Managing Director Fred Peivandi.

5

(m) On or about October 8, 2019, at a Defendant GCRC Board of Commissioners meeting, Defendant employer Genesee County Road Commission (GCRC) Human Resources Director, Donna Poplar, admitted that Defendant GCRC's decision not to allow Plaintiff Anthony Branch to interview for the then vacant Managing Director position after John Daly retired was "unjustified" and that Plaintiff should have been allowed to interview for the Managing Director position.

(n) Additionally, at the October 8, 2019, Defendant GCRC's Board of Commissioners meeting, Defendant employer's Labor Relations attorney Tom Derderian, publicly stated that it was the decision of the search firm hired by GCRC, President Cheryl Ronk, Michigan Society of Association Executives to deny Plaintiff Anthony Branch an interview for the open Managing Director's position; further, attorney Derderian admitted that this was a "mistake" and that he "agreed that Plaintiff should have been allowed to interview for the Managing Director position."

(o) Immediately after his promotion to the vacant Managing Director position former Director of Engineering, Fred Peivandi, began finding fault with Anthony Branch's job performance as Maintenance Director; and for the first time in his fifteen (15) years as Maintenance Director, Plaintiff Mr. Branch began receiving verbal negative verbal performance criticism from his new boss, Managing Director Fred Peivandi.

15. On or about May 3, 2018, Defendant employer GCRC announced that it had hired Defendant Michigan Society of Association Executives search firm to conduct the initial interviews and screen and select candidates for the vacant Managing Director, GCRC position.

16. Defendant employer Genesee County Board Commission (GCRC) delegated its authority to "affect and control the terms and conditions of Plaintiff's promotion" to the vacant position of Managing Director by granting Defendant Michigan Society of Association Executives the authority to decide which candidates it would select to be interviewed by Defendant employer, Genesee County Road Commission (GCRC).

17. On or about June 14, 2018, during a telephone interview, Cheryl Ronk, President Michigan Society of Association Executives, informed Plaintiff Anthony Branch, then co-Interim Managing Director Genesee County Board Commission (GCRC), that he would not be permitted

to interview with his employer Defendant GCRC for a possible promotion to the vacant Managing Director position.

18. Although Plaintiff Mr. Branch had actually been competently performing the Managing Director's duties since 2004, a period of fourteen (14) years as Acting Managing Director during John Daly's absences, and although Plaintiff Mr. Branch's formal Maintenance Director job description mandated that Mr. Branch perform the Managing Director's duties during the Managing Director John Daly's absences, Plaintiff was denied the opportunity to interview for the permanent Managing Director's position by Defendant Michigan Society of Association Executives (MSAE) search firm.

19. In contrast, co-Interim Managing Director Fred Peivandi, a white male of Iranian descent, had served in the position as Defendant's Director of Engineering since 2005, and neither his formal job description required him to serve as Managing Director during John Daly's absence nor had he ever served as Managing Director in his entire thirteen (13) year career at Defendant Genesee County Road Commission (GCRC); and yet unlike Plaintiff, Anthony Branch, Fred Peivandi was selected to interview for the vacant Managing Director's position by Defendant Michigan Society of Association Executives.

20. At Defendant Genesee County Road Commission (GCRC) October 8, 2019 meeting, Human Resources Director, Donna Poplar stated that the Genesee County Road Commission (GCRC's) decision not to allow Plaintiff Anthony Branch to interview for the Managing Director's position was "unjustified" and that Plaintiff should have been allowed to interview for the Managing Director position.

21. Further, Genesee County Road Commission (GCRC) Labor Relations attorney Tom Derderian stated at the October 8, 2019, (GCRC) meeting that the decision not to select nor

7

allow Plaintiff Anthony Branch to interview for the vacant Managing Director's position was made by Defendant Michigan Society of Association Executives search firm and this was "… a mistake" and Plaintiff should have been allowed to interview for the Managing Director position.

22. The actions by Defendant Michigan Society of Association Executives (MSAE) search firm not to select nor allow Interim co-Managing Director, Plaintiff, Anthony Branch, to interview for the vacant Managing Director's position, and yet at the same time, to select and allow Interim co-Managing Director Fred Peivandi, to interview for the Managing Director's position, permits an inference that Defendant treated Plaintiff differently than a similarly situated employee from an unprotected group; and further that Mr. Branch's race is the explanation for the difference of treatment in failing to be permitted to interview for the vacant Managing Director's position after John Daly retired.

23. As a result of the actions set forth on ¶s six (6) - twenty-two (22) herein and above, Plaintiff Anthony Branch has been subjected to discrimination in employment because of his race by each Defendant, Genesee County Road Commission (GCRC) and Michigan Society of Association Executives (MSAE) in violation of the Michigan Elliott-Larsen Civil Rights Act. MCL 37.2101, *et. seq.*

24. Plaintiff Anthony Branch has been forced to seek the assistance of a mental health professional because of being subjected to racial discrimination by each Defendant, Genesee County Road Commission (GCRC) and Michigan Society of Association Executives (MSAE).

25. Plaintiff Anthony Brach has suffered economic and non-economic damages, past and future because of the violations of his rights protected by the Elliott-Larsen Civil Rights Act by each Defendant Genesee County Road Commission (GCRC) and Michigan Society of Association Executives (MSAE).

WHEREFORE, Plaintiff requests all damages allowable under Michigan law, above Twenty-Five Thousand ($25,000.00) Dollars against each Defendant Genesee Road Commission (GCRC) and Michigan Society Association Executives (MSAE). Plaintiff also requests attorney fees and expenses.

                                            Respectfully submitted,

                                            **EDWARDS & JENNINGS, P.C.**

By:   /s/ Carl R. Edwards
         Carl R. Edwards (P24952)
         Attorneys for Plaintiff
         Cadillac Tower Building
         65 Cadillac Square, Suite 2710
         Detroit, Michigan 48226
         (313) 961-5000
         cedwards@edwardsjennings.com

Dated: December 13, 2019

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

ANTHONY BRANCH,

    Plaintiff,

v.

GENESEE COUNTY ROAD COMMISSION
AND MICHIGAN SOCIETY OF ASSOCIATION
EXECUTIVES,

    Defendants.

19-113700

Case No. 19-    -CD
Hon.

**CELESTE D. BELL**
**P-41453**

_____/

Carl R. Edwards (P24952)
**EDWARDS & JENNINGS, P.C.**
Attorney for Plaintiff
Cadillac Tower Building
65 Cadillac Square, Suite 2710
Detroit, Michigan 48226
(313) 961-5000
cedwards@edwardsjennings.com



_____/

### DEMAND FOR JURY TRIAL

**NOW COMES** Plaintiff, ANTHONY BRANCH, by and through his attorneys, Edwards & Jennings, P.C., by Carl R. Edwards and hereby demands a Jury trial in the above matter.

    Respectfully submitted,

    **EDWARDS & JENNINGS, P.C.**

By:     /s/ Carl R. Edwards
    Carl R. Edwards (P24952)
    Attorneys for Plaintiff
    Cadillac Tower Building
    65 Cadillac Square, Suite 2710
    Detroit, Michigan 48226
    (313) 961-5000

Dated: December 13, 2019