UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA POPLAR,

    Plaintiff,

v

CASE NO: 2:21-cv-12568

HON. NANCY G. EDMUNDS

GENESEE COUNTY ROAD
COMMISSION and FRED F. PEIVANDI,
in
his individual Capacity;

    Defendants.

---

| | |
|---|---|
| Charis Lee (P84127)<br>LEE LEGAL GROUP, PLLC<br>Attorney for Plaintiff<br>117 W. Flint Park Blvd.<br>Flint, MI 48505<br>(810) 513-9257<br>charis@leebusinesslaw.com<br><br>SOMMERS SCHWARTZ, P.C.<br>Tad T. Roumayah (P74081)<br>Jenna H. Sheena (P84645)<br>Co-Counsel for Plaintiff<br>One Towne Square, Suite 1700<br>Southfield, Michigan 48076<br>(248) 355-0300<br>troumayah@sommerspc.com<br>jsheena@sommerspc.com | Andrew A. Cascini (P76640)<br>Clayton J. Prickett (P86745)<br>Henn Lesperance PLC<br>Attorneys for Defendants<br>32 Market Ave., SW, Suite 400<br>Grand Rapids, MI 49503<br>(616) 551-1611<br>aac@hennlesperance.com<br>cjp@hennlesperance.com |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE OF RACE DISCRIMINATION**

HENN LESPERANCE PLC

Plaintiff Donna Poplar's Opposition Brief mischaracterizes the relief that Defendants seek in their first Motion in Limine. (ECF No. 46). To be clear, Defendants neither wish, nor would ask to exclude the fact that Poplar engaged in protected activity. Instead, Defendants want to exclude evidence offered to prove the substance of Poplar's protected activity, the events that prompted her to engage in such activity, and testimony that either or both Defendants are racist, sexist, or otherwise created a hostile work environment.

I. <u>THE COURT SHOULD EXCLUDE IRRELEVANT EVIDENCE OF RACE AND OTHER FORMS OF DISCRIMINATION</u>.

Poplar concedes that she will not attempt to "prove the allegations underlying Plaintiff's protected activity (i.e., race discrimination)." (Poplar's Opposition, ECF 52, PageId.2876). Defendants agree that Poplar can tell the jury that she "complained alleging race discrimination with the EEOC and the GCRC's Board and testified about race discrimination at the GCRC in her coworker, Anthony Branch's, lawsuit." (*Id*. PageId.2876).

Where the parties seem to disagree, however, is where to draw the line between evidence of protected activity and evidence of race discrimination. The case law cited in Defendants' Motion—which Poplar did not rebut or distinguish—is instructive as to where the line should be drawn.

The <u>fact</u> that an employee filed an EEOC charge is relevant and admissible to prove a retaliation claim. But the EEOC charge "is only 'relevant and admissible

***insofar as that [it] occurred***, but not beyond that.'" *EEOC v. Proctor Financial, Inc.*, -- F.Supp.3d --, No. 19-11911, 2022 WL 17448218 at *2 (E.D. Mich Dec. 6, 2022) (emphasis added). This is because the "substance of [the employee's] charge is not relevant to the retaliation claim." *Id*.

The <u>fact</u> that employee filed an HR complaint is also relevant to retaliation. *Funk v. City of Lansing*, No. 1:17-CV-514, 2021 WL 5537086, at *1 (W.D. Mich. Sept. 24, 2021). But "what the HR complaint contained" or the alleged racially motivated acts that "spurred the filing of [employee's] HR complaint" are not relevant. *See id*.

The same line between evidence of retaliation and evidence of discrimination should be drawn here. Only the fact that Poplar filed the complaints alleging race discrimination and the fact that she testified at Branch's race-discrimination lawsuit are admissible. The "substance of [Poplar's] charge[s]" with the EEOC or the GCRC Board, and the allegedly racist acts that "spurred the filing of [Poplar]'s HR complaint" <u>are not</u> relevant. *EEOC v. Proctor Financial,* 2022 WL 17448218 at *2; *Funk,* 2021 WL 5537086, at *1. Therefore, underlying allegations of race discrimination should be excluded.

The Court should also prevent Poplar from testifying that she thinks Peivandi hates women, holds racial biases, suspended her based on race, or any other gratuitous, inflammatory remarks that do not concern Poplar's retaliation claim. In

HENN LESPERANCE PLC

-2-

the Motion, Defendants collected examples of these comments that should be excluded; Poplar did not address how any of them would be relevant to her retaliation claim. PageId.2839-2830.

II. <u>KIM DAY'S 2012 COMPLAINT IS IRRELEVANT AND UNDULY PREJUDICIAL</u>.

Defendants' Motion argued that a prior complaint of racial discrimination (unrelated to the circumstances of this case) submitted against Peivandi by Kim Day, who works as a Supervisor with the GCRC, is irrelevant because (1) she complained about Peivandi eleven years ago, before he was Managing Director; and (2) Day's complaint happened four years before Poplar started working at the GCRC. The record shows that Day voiced this complaint sometime between 2010 and 2012 to John Daly, who served as the GCRC's Managing Director at that time. See Doc. 30-9 at PageId.2122. As Daly could recall, the substance of Day's complaint was that she felt she could not get promoted within the Engineering Department (over which Peivandi then served as the departmental director) because of her race. *Id.* The record is equally clear that Day remains a supervisory employee within the GCRC to this day. *Id.*

Day's complaint holds no probative value which could bear on whether either Defendant retaliated against Poplar for her protected activity. As mentioned above, Day's complaint against Peivandi was voiced over a decade ago, alleged discrimination and not retaliation, and occurred before Peivandi was the Managing

Director or Poplar was an employee of the GCRC at all. Further, Poplar was not involved with Day's complaint in any capacity, so any allegedly retaliatory treatment to which Plaintiff was subjected by either Defendant cannot be rationally linked to Day's complaint.

But even if Day's complaint had probative value as to Plaintiff's claims (which it does not), the weight of this value is exceeded by the substantial risk of unfair prejudice to Defendants; namely because the jury may baselessly think that Peivandi retaliated in this case because a different employee accused him of race discrimination in the distant past. To this end, Plaintiff's own Response confirms the need to exclude Day's complaint because in it she argues that Day's complaint is "relevant because it shows that Defendant has engaged in disciplining complainants by outsourcing or reorganizing (Demoting Plaintiff as the HR Division Head)[,] [w]hich Plaintiff alleges happened in this case." PageId.2876-2877. In other words, Poplar's sole proffered reason for introducing Day's complaint is to show some alleged propensity on the part of Peivandi to retaliate against discrimination complainants – a variety of evidence barred by Fed. R. Evid. 404(b). Taken together, evidence of Day's complaint should be excluded because it is irrelevant to Poplar's protected activity, presents the risk of unfair prejudice to the Defendants' case, and is offered only for the improper purpose of showing an allegedly retaliatory

propensity on Peivandi's part <u>despite the fact that Day never accused Peivandi of retaliating against her</u>.

### III. CONCLUSION

For these reasons, and the reasons stated in Defendants' Motion in Limine (ECF No. 46), the Court should exclude evidence of alleged race and other forms of discrimination.

Dated: September 29, 2023

*/s/ Andrew A. Cascini*
Andrew A. Cascini (P76640)
Clayton J. Prickett (P86745)
HENN LESPERANCE PLC
Attorneys for Defendants
32 Market Ave., SW, Suite 400
Grand Rapids, MI 49503
(616) 551-1611
aac@hennlesperance.com
cjp@hennlesperance.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA POPLAR,

    Plaintiff,

v

GENESEE COUNTY ROAD COMMISSION and FRED F. PEIVANDI, in his individual Capacity,

    Defendants.

CASE NO: 2:21-cv-12568-VAR-JJCG

HON. NANCY G. EDMUNDS

| | |
|---|---|
| Charis Lee (P84127)<br>LEE LEGAL GROUP, PLLC<br>Attorney for Plaintiff<br>117 W. Flint Park Blvd.<br>Flint, MI 48505<br>(810) 513-9257<br>charis@leebusinesslaw.com<br><br>SOMMERS SCHWARTZ, P.C.<br>Tad T. Roumayah (P74081)<br>Jenna H. Sheena (P84645)<br>Co-Counsel for Plaintiff<br>One Towne Square, Suite 1700<br>Southfield, Michigan 48076<br>(248) 355-0300<br>troumayah@sommerspc.com<br>jsheena@sommerspc.com | Andrew A. Cascini (P76640)<br>Clayton J. Prickett (P86745)<br>HENN LESPERANCE PLC<br>Attorneys for Defendants<br>32 Market Ave., SW, Suite 400<br>Grand Rapids, MI 49503<br>(616) 551-1611<br>aac@hennlesperance.com<br>cjp@hennlesperance.com |

HENN LESPERANCE PLC

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

Dated:  September 29, 2023               /s/Maddy Sides
                                          Maddy Sides
                                          Legal Assistant

HENN LESPERANCE PLC