UNITEED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DONNA POPLAR,

        Plaintiff,

vs.

GENESEE COUNTY ROAD COMMISSION,

    Defendant.

Case No. 4:21-cv-12568
Hon. Nancy G. Edmunds
Mag. Judge Jonathan J.C. Grey

---

| | |
|---|---|
| LEE LEGAL GROUP, PLLC<br>By: CHARIS LEE (P84127)<br>Attorney for Plaintiff<br>117 W. Flint Park Blvd.<br>Flint, MI  48505<br>(810)513-9257<br>charis@leebusinesslaw.com | HENN LESPERANCE PLC<br>ANDREW A. CASCINI (P76640)<br>Clayton J. Prickett (P86745)<br>Attorney for Defendant<br>32 Market Ave., SW, Suite 400<br>Grand Rapids, MI  49503<br>(616) 551-1611<br>aac@hennlesperance.com |
| SOMMERS SCHWARTZ, P.C.<br>Tad T. Roumayah (P74081)<br>Jenna H. Sheena (P84645)<br>Co-Counsel for Plaintiff<br>One Towne Square, Suite 1700<br>Southfield, Michigan 48076<br>(248) 355-0300<br>troumayah@sommerspc.com<br>jsheena@sommerspc.com | |

---

## **PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE**

    Defendants Dispute five categories of evidence. Plaintiff will address each in turn.

1

I. **Attorney Lange's Investigative Report and Testimony About Whether Defendant Discriminated Against Plaintiff is Irrelevant to Plaintiff's Remaining Retaliation Claims and Therefore the Court Should Exclude These from Evidence.**

First, Defendant mischaracterizes Plaintiff's position regarding Investigator Lange. Plaintiff argues that Attorney Craig Lange's (Lange) testimony and his investigative report are irrelevant to Plaintiff's remaining claims in this case. Tellingly, **Defendant requested in its own Motion in Limine to Exclude Evidence of Race Discrimination (ECF No. 46) to exclude testimony regarding race discrimination**. Now, Defendant argues that Attorney Lange's investigative report, which primarily dealt with race discrimination, should come into evidence. It has no relevance to the remaining claims at issue.

Defendant claims that because it investigated Plaintiff's January 2021 complaint, it does not engage in retaliation. However, the facts that Plaintiff sets forth showing that Defendant took adverse employment action against her in retaliation all happened after Attorney Lange concluded his investigation. Additionally, it is undisputed that Defendant never investigated Plaintiff's August 2021 complaint regarding her suspension, retaliation, and her claims that the investigation into her January 2021 complaint was biased. If Defendant's argument is followed through, then the absence of any investigation into Plaintiff's August 2021 complaint would prove that Defendant retaliated against Plaintiff after she filed her complaint.

Attorney Lange, who performed the investigation *prior* to the adverse employment action that Plaintiff complains of in this case, simply cannot speak to whether Defendant retaliated against Plaintiff after his investigation was completed. In fact, the acts of retaliation remaining at issue in this lawsuit happened *after* the conclusion of the investigation, when Attorney Lange was no longer involved.

Allowing Attorney Lange to testify and his investigation report to come into evidence will only invite unnecessary argument about a race discrimination investigation that is irrelevant to Plaintiff's remaining claims and will confuse the issues. Thus, Investigator Lange's testimony and investigation report should not be allowed into evidence where Plaintiff's remaining claims in this case are all based on retaliation that occurred after the conclusion of the Attorney Lange's investigative report.

## II. **Plaintiff's Expungement is Inadmissible**

FRE 609(c) was fully explained in Plaintiff's motion; Plaintiff's expungement is not relevant. She does not have a criminal conviction and Defendant incorrectly states that Plaintiff has a criminal conviction.

## III. **Plaintiff's Prior Age Discrimination Lawsuit Against the City of Flint is Irrelevant to Her Instant Lawsuit Against the Genesee County Road Commission**

Plaintiff's claims regarding retaliation and failure to accommodate do not relate to age discrimination. The only mandatory authority Defendant cites is a parenthetical from the Michigan Eastern District which expounds that prior "frivolous" claims of discrimination and harrassment *could* be admissible as they may bear on Plaintiff's credibility at trial.

However, Defendant has not claimed that the lawsuit against the City of Flint was frivolous. Plaintiff was terminated without cause from the City of Flint and replaced with a younger employee who had no previous human resources experience. This information is not relevant and seeks to draw outside inferences that Plaintiff challenges authority when she is using the justice system to obtain relief from discriminatory employment actions. Further, an employer's refusal to grant a disability accommodation is a legitimate reason for an employee to file an EEOC charge. In this case, Fred Peivandi refused to grant Plaintiff's disability accommodation for close to a year. Defendant's remaining arguments are mere speculation and not evidence of any frivolous claim(s). Defendant's arguments about Plaintiff's alleged motives behind her race complaints is irrelevant and immaterial to Plaintiff's remaining claims in this case, namely that Defendant retaliated against Ms. Poplar because she filed those complaints, including by egregiously removing her previously approved disability accommodation.

4

### IV. The Independent Medical Exam Testimony Should Be Excluded, and if Not Excluded, then the Court Should Limit Any Such Testimony to the Diagnosis.

Plaintiff stipulated to the Independent Medical Exam specifically to discuss Plaintiff's mental distress as relevant to her job and her claims in this case. Instead, Defendant's IME essentially deposed Plaintiff and asked her about her divorce from 30-plus years ago, for example. Defendant's counsel deposed Plaintiff extensively in this case and had the opportunity to ask her all such questions to challenge her mental and emotional distress damage claims. Furthermore, Defendant could have deposed Plaintiff's treating physicians. However, Defendant did not do so. Defendant's IME doctor's questions, and Plaintiff's answers, about items irrelevant to the stated purpose of the IME should be excluded.

Additionally, the IME report is replete with extremely prejudicial, false, and ridiculous statements such as, "*One might also conclude it may not be safe for her supervisor to work in an environment with* {Plaintiff}." These statements are irrelevant to Plaintiff's remaining retaliation claims in this case and will only prejudice the jury against Plaintiff. Again, the IME was agreed to by Plaintiff only to the extent that it examined Plaintiff related to mental and emotional stress she suffered from related to work at GCRC. Thus, any such evidence related to the IME should be limited to Dr. Sanders' stated diagnosis of Plaintiff.

## V. Defenses not Pled and Evidence not at Issue should be Excluded

Defendant seeks to admit evidence that is not at issue to confuse the jury. Defendant specifically states that Defendant's Board approved Plaintiff's accommodation for a part-time and full-time assistant. (ECF No. 51 PageID.2847 and 2848). This is not a disputed fact. GCRC can only assert the defense that Plaintiff did not put her accommodation request in writing *if* Defendant can show that it notified Plaintiff to do so. Defendant has failed to provide evidence of this.

Defendant is discussing Plaintiffs first request for accommodation, which is irrelevant. Plaintiff had already discussed her accommodation with her Former Managing Director, John Daly, who approved the hiring of a part-time assistant and presented it before the board in 2017 to assist Plaintiff. Plaintiff put the accommodation request in writing when she knew she needed it when Fred Peivandi denied the accommodation in 2018.

With the above stated, Plaintiff's remaining disability discrimination claims are centered on the vision accommodation Plaintiff *had,* and Defendant *removed,* after she filed a complaint, and subsequently a lawsuit in 2021. This is where the failure to accommodate lies. The purpose of the notice requirement is to prove Defendant had notice. Tellingly, Defendant made identical arguments at the summary judgment stage, which were rejected by Judge Roberts.

Defendant wishes to confuse the issues and state that a full-time accommodation is *per se* unreasonable and causes an undue hardship on Defendant. The accommodation request did not have to be full-time. However, Defendant did not make these arguments at the summary judgment stage, and Defendant should not be allowed to begin making such arguments for the first time at trial.

### VI. CONCLUSION AND RELIEF REQUESTED

WHEREFORE, Plaintiff requests that this Court order Defendant's witnesses, and its counsel to refrain from mentioning, referring to, asking questions about, or interrogating witnesses directly or indirectly about any matters referred to in Plaintiff's motion in limine.

Respectfully submitted,

**Lee Legal Group, PLLC**

By: */s/ Charis Lee*
Charis Lee (P84127)
Attorney for Plaintiff
117 W. Flint Park Blvd.
Flint, MI 48505
(810) 513-9257

Dated:  September 29, 2023          Charis@leebusinesslaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DONNA POPLAR,

      Plaintiff,

vs.

GENESEE COUNTY ROAD COMMISSION,

      Defendant.

Case No. 4:21-cv-12568
Hon. Nancy G. Edmunds
Mag. Judge Jonathan J.C. Grey

---

| | |
|---|---|
| LEE LEGAL GROUP, PLLC<br>By: CHARIS LEE (P84127)<br>Attorney for Plaintiff<br>117 W. Flint Park Blvd.<br>Flint, MI 48505<br>(810)513-9257<br>charis@leebusinesslaw.com | HENN LESPERANCE PLC<br>ANDREW A. CASCINI (P76640)<br>Attorney for Defendant<br>32 Market Ave., SW, Suite 400<br>Grand Rapids, MI 49503<br>(616) 551-1611<br>aac@hennlesperance.com |

SOMMERS SCHWARTZ, P.C.
Tad T. Roumayah (P74081)
Jenna H. Sheena (P84645)
Co-Counsel for Plaintiff
One Towne Square, Suite 1700
Southfield, Michigan 48076
(248) 355-0300
troumayah@sommerspc.com
jsheena@sommerspc.com

---

## PROOF OF SERVICE

Charis Lee states that September 29, 2023 she caused a copy of Plaintiff Donna Poplar's ***Reply to Defendant's Response to Plaintiff's Motion in Limine,***

8

along with this *Proof of Service*, to be electronically filed with the Court system which will automatically serve counsel of record.

/s/Charis Lee
Name of person Filing
