UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DONNA POPLAR,

    Plaintiff,

vs.

GENESEE COUNTY ROAD COMMISSION;

    Defendant.

CASE NO: 2:21-cv-12568

HON. NANCY G. EDMUNDS

---

Attorneys for Plaintiff:

LEE LEGAL GROUP PLLC
Charis Lee (P84127)
117 W. Flint Park Blvd.
Flint, MI 48505
(810) 513-9257
charis@leebusinesslaw.com

SOMMERS SCHWARTZ PC
Tad T. Roumayah (P74081)
Jenna H. Sheena (P84645)
One Towne Square, Suite 1700
Southfield, Michigan 48076
(248) 355-0300
troumayah@sommerspc.com
jsheena@sommerspc.com

Attorneys for Defendant:

HENN LESPERANCE PLC
Andrew A. Cascini (P76640)
Clayton J. Prickett (P86745)
32 Market Ave., SW, Suite 400
Grand Rapids, MI 49503
(616) 551-1611
aac@hennlesperance.com
cjp@hennlesperance.com

---

**DEFENDANT GENESEE COUNTY ROAD COMMISSION'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT AS A MATTER OF LAW UNDER FRCP 50 OR, IN THE ALTERNATIVE, A NEW TRIAL UNDER FRCP 59**

### I. FRCP 50(b): Plaintiff cannot prevail on a failure to accommodate claim.

#### 1. <u>Plaintiff failed to provide timely written notice.</u>

Plaintiff argues the trial record demonstrates her compliance with MCL 210(18), but she is wrong.[1] Her error is <u>not</u> a legal one; Plaintiff concurs with the GCRC in recognizing the PWDCRA's 182-day written notice deadline starts when she "*knew or reasonably should have known that an <u>accommodation</u> is needed,* not from the date the Plaintiff knew of a disability." (Doc. 82, PageID.4692) (emphasis original). Instead, however, she misrepresents the record, arguing in her Response Brief that although she knew she had a visual disability when she was first hired by the GCRC in October 2016, this condition had not deteriorated to the degree that she needed an assistant to accommodate it until shortly before she asked Peivandi to create such an assistant position in August of 2018. (**Jt. Ex. E**; Doc. 82, PageID.4693).

The record baldly contradicts this assertion because it unequivocally shows Plaintiff knew she needed an accommodation for her disability – <u>in fact, the specific accommodation disputed in this claim</u> – when the GCRC hired her in 2016, regardless of whether her vision got worse later. (*Id.* at 3206). Her deteriorating vision is a red herring belied by her testimony:

> Q. True or false, you [Poplar] <u>knew about your need for an administrative assistant to serve as an accommodation for your visual disability in 2016</u> when you first started working with Mr. John Daly, right? <u>Whether it [got] worse or better, true or false</u>?
>
> A. <u>That would be true</u>.

---

[1] Plaintiff does not argue she was somehow exempt from this clear statutory prerequisite and declines to invoke Section 210(19) to excuse her failure to provide timely notice.

(Doc. 62, PageID.3202 (emphasis added)).[2] Plaintiff repeatedly[3] reaffirmed[4] this testimony[5] during trial. The conclusion, which is fatal to her claim, is inescapable: Plaintiff radically missed the PWDCRA's deadline by waiting until August 2018 to request this accommodation for the first time (see *Id.* at 3199) by an email she drafted to Peivandi. (**Jt. Ex. E**)

Trapped by the trial record, Plaintiff advances a new alternative argument in her Response, arguing now that after the GCRC created the requested position, she only knew an accommodation "was needed" (thus, she argues, restarting the 182-day clock) once she returned from administrative leave in November 2021 and discovered the GCRC had promoted Pearson to a new role. (Doc. 82, PageID.4694). The argument proceeds that an email she sent Dellaposta in November 2021 (**P. Ex. 10**) asking for the hire of a new assistant constitutes notice. (Doc. 82, PageID.4693-94). This is basically an argument for equitable tolling of the PWDCRA's notice deadline, premised on the theory that the GCRC's voluntary creation of the assistant position in 2019 as an accommodation for Plaintiff's disability provided a renewed opportunity to provide notice after she learned the position was gone.

This is a novel argument, unsupported by case law. But even if the PWDCRA permitted "tolling" of its 182-day deadline, Plaintiff's November 2021 email cannot serve as

---

[2] Plaintiff testified that she "needed assistance" from an administrative assistant because of "deteriorating" vision <u>as of October 2016</u>. (Doc. 62, PageID.3278-80).
[3] Plaintiff "talked about her need for an assistant" with Daly during a conversation about her "accommodation needs" on her first day of work with the GCRC. (*Id.* at 3203).
[4] Plaintiff asked Daly verbally in 2016 for an assistant to accommodate her. (*Id.* at 3205-06).
[5] Plaintiff's "primary concern" in making this verbal request of Daly in 2016 was her "accommodation for disability." (*Id.* at 3206).

HENN LESPERANCE PLC

qualifying Section 210(18) notice as that section's text has been interpreted by Michigan's courts (see Doc. 77, PageID.4478 (collecting cases)) because it mentions neither Plaintiff's disability nor her need for an administrative assistant to accommodate that disability (see **P. Ex. 10**), both of which are essential ingredients for effective PWDCRA notice. Moreover, equitable principles should not excuse Plaintiff's failure to meet these requirements.[6] Plaintiff – who claimed HR expertise during trial – knew about the PWDCRA's accommodation notice requirement but nevertheless failed to reduce her request to writing until two years after she knew she needed one. Moreover, Plaintiff could have brought an equivalent claim under the ADA (which lacks a notice requirement), but ostensibly chose not to do so. The GCRC is entitled to JMOL over Plaintiff's failure to accommodate claim.

2. The record proves the GCRC substantively accommodated Plaintiff.

The GCRC alternatively argues that it is entitled to JMOL under Rule 50(b)[7] over Plaintiff's failure to accommodate claim on substantive grounds, and it is entitled to such

---

[6] One can imagine a scenario in which equitable tolling of the notice period might be warranted: (1) an employee tells her employer, informally, about the need for an accommodation within 182 days of knowing she needed it; (2) the employer voluntarily provides the accommodation; and then (3) the employer removes the accommodation after the 182-day window expires, barring any PWDCRA failure to accommodate claim. This is not what happened here. Plaintiff's PWDCRA claim was time-barred by Plaintiff's failure to provide notice well before the GCRC first accommodated Plaintiff with an assistant.

[7] Plaintiff incorrectly argues the GCRC failed to preserve this argument at trial under Rule 50(a). Rule 50(a)'s purpose is to give opposing counsel notice of deficiencies in the opposing party's case, and any arguable noncompliance may be "excused" when the "purposes of the rule are satisfied." *Kusens v. Pascal Co.*, 448 F.3d 349, 361 (6th Cir. 2006) (citation omitted). Here, the GCRC put Plaintiff on notice before and after trial that her demand for a full-time assistant was per se unreasonable as an accommodation because it modified essential, not

judgment because the GCRC's duty to accommodate under the PWDCRA is limited only to "alteration of physical structures and modification of peripheral job duties." *Mauro v. Borgess Med. Ctr.*, 886 F. Supp. 1349, 1355 (W.D. Mich. 1995). Plaintiff admits the GCRC provided all other accommodations Plaintiff requested, so her failure to accommodate claim is necessarily based on the GCRC's alleged failure to provide her with an administrative assistant. (Doc. 62, PageID.3167). But hiring another person to assist Plaintiff with reading and computer work is, as a matter of law, an obligation imposed upon the GCRC because those job duties are essential to Plaintiff's job – <u>a fact to which Plaintiff conceded through stipulation</u>. (Doc. 57, PageID.2928). Plaintiff cannot premise her claim upon the GCRC's refusal to provide an accommodation that restructured Plaintiff's essential job functions.

**II.    FRCP 59: The GCRC remains entitled to a new trial on Plaintiff's retaliation claim and, alternatively, the failure to accommodate claim.**

1. <u>The record cannot support a finding of but-for causation.</u>

The GCRC asked this Court to grant it a new trial over Plaintiff's retaliation claims because the jury's verdict in her favor on these claims went against the great weight of the trial record's evidence concerning <u>causation</u>. Plaintiff argues that the jury's reliance on timing evidence was reasonable because it was bolstered by testimony that Peivandi was a "vindictive" leader who would bring "repercussions" against employees who "disagreed with him." (Doc. 84, PageID.4706).

---

peripheral, job functions. The GCRC made this argument in its Rule 56 Motion (Doc. 30, PageID.2007-2008) and again in the Final Pretrial Order (Doc. 57, PageID.2927, 2938).

But this misses the point – the GCRC argues that the jury's verdict went against the great weight of the evidence in this case <u>because of</u> the record's evidence concerning timing, not in spite of it. The but-for causation standard applicable to this case axiomatically means Plaintiff's claim fails as a matter of law if the trial record shows Peivandi declined to hire a new full-time assistant for Plaintiff "based on factors untainted by retaliatory animus, even if" Peivandi's "decision was also based on factors that were tainted by retaliation." *Seoane-Vasquez v. Ohio State University,* 577 Fed. Appx. 418, 428-29 (6th Cir. 2014). And this is exactly what the trial record unequivocally proves: <u>Peivandi opposed the creation of a full-time administrative assistant position as an accommodation for Plaintiff's disability *even before Plaintiff engaged in any protected activity*</u>. (Doc. 77, PageID.4500-02). Plaintiff's observation that the Board overruled Peivandi and created a full-time assistant position anyway is irrelevant because it does not negate the proof that Peivandi formed his preference to accommodate Plaintiff with a part-time assistant <u>before</u> Plaintiff engaged in protected activity. The GCRC is thus entitled to a new trial on Plaintiff's retaliation claim.

2.  <u>Dickerson's testimony was sufficiently prejudicial to warrant a new trial.</u>

Plaintiff argues that Dickerson's testimony alone could not have been sufficiently prejudicial to warrant a new trial because it is "highly improbable that a single witness's testimony had the prejudicial effect on the jury that Defendant claims." (Doc. 84, PageID.4712-13). This argument ignores how blatantly Dickerson's testimony violated the terms of the Court's rulings regarding motions in limine; it also understates the centrality of

Dickerson's testimony to the Plaintiff's case. Indeed, <u>the jury heard about Dickerson's essential role in the handling of Plaintiff's complaints through testimony of at least eight different witnesses</u>,[8] and Plaintiff's counsel highlighted Dickerson's testimony in both her opening and closing statements. (Doc.61, PageID.3004-05; Doc.71, PageID.4053). Plaintiff further claims that the Court's curative instruction ameliorated any prejudicial effect, but this ignores that "[g]eneral curative instructions" given before closing arguments (as the Court's was in this case) "and not right after the prejudicial statements might not cure their prejudicial impact." *United States v. Hall,* 979 F.3d 1107, 1120-21 (6th Cir. 2020).

        3.      <u>An erroneous jury verdict form and jury instructions warrant a new trial.</u>

The GCRC is entitled to a new trial based on legal errors in the verdict form and jury instructions.[9] But the most significant prejudicial error related to jury instructions in this case involves the verdict form, which omitted any reference to the PWDCRA's notice requirement as a critical and prerequisite component of Plaintiff's failure to accommodate claim. This objection was timely and properly maintained by Defendant's counsel, and permitted the jury to find for Plaintiff concerning this claim despite her clear and obvious failure to meet the PWDCRA's notice requirement. The impact of this error also may have colored the jury's

---

[8] Doc.62, PageID.3059, 3086, 3219-27, 3240 (Poplar); Doc. 63, PageID.3403, 3406, 3435, 3443, 3447, 3472-75(Peivandi); Doc. 69, PageID.3745-46, 3779 (Dellaposta); *Id.* at 3779, 3784, 3786, 3796, 3803 (Lange); *Id.* at PageID.3824-25, 3870, 3883-45, 3856, 3884, 3897-98, 3901, 3905-06 (Elkins); Doc. 70, PageID.3920-21, 3926-27, 3933-34, 3938 (Lane).
[9] Plaintiff argues that the GCRC conceded to the language used in the verdict forms and these instructions, an allegation which is refuted by transcripts of discussions held between parties' counsel with the Court and on the record.

verdict with respect to the retaliation claim, as a verdict in Plaintiff's favor with respect to the failure to accommodate issue strongly suggests an affirmative response to the question of whether that same act was retaliatory because both claims were based on the GCRC's refusal to hire a new administrative assistant for Plaintiff.

### III.     A new trial or remittitur is warranted based on excessive damages.

Plaintiff argues that the damages awarded by the jury does not rise justify a new trial or remittitur and cites various employment law verdicts in which "significant non-economic damages have been awarded and not overturned" in support of this assertion. (Doc. 84, PageID.4714). But the cases cited by Plaintiff involve readily distinguishable facts, and none involved a jury awarding $800,000 to an active, management-level employee of the defendant.  The verdict is also shocking given that only 6% of the total damages awarded were economic damages, with the remainder representing non-economic damages based solely on anxiety and depression diagnoses (made in June 2021) which <u>predate the first GCRC act which the jury determined was unlawful</u> (Plaintiff's August 2021 suspension).

Dated: January 12, 2024
/s/ Andrew A. Cascini
Andrew A. Cascini (P76640)
Clayton J. Prickett (P86745)
HENN LESPERANCE PLC
Attorneys for Defendants

HENN LESPERANCE PLC

-7-

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

Dated: January 12, 2024  /s/*Maddy Sides*
Maddy Sides
Legal Assistant

HENN LESPERANCE PLC

-8-