UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA POPLAR,

       Plaintiff,                      Case No. 2:21-CV-12568
                                          District Judge Nancy G. Edmunds

v.                                        Magistrate Judge Anthony P. Patti

GENESEE COUNTY ROAD
COMMISSION,

       Defendant.

_____/

### ORDER DENYING WITHOUT PRJUDICE AS PREMATURE PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS, AND INTEREST (ECF NO. 73)

Following a trial, a jury returned a verdict in favor of Plaintiff Donna Poplar on October 20, 2023, awarding $800,000 in damages and finding that Defendant unlawfully retaliated against Plaintiff and failed to provide her with a reasonable accommodation for her disability. (ECF No. 66 & 67.) Thereafter, Plaintiff filed the instant motion for attorney fees, costs, and interest. (ECF No. 73.) Judge Edmunds referred it to me pursuant to 28 U.S.C. § 636. (ECF No. 80.) The matter has been fully briefed. (ECF Nos. 73, 83, 85.) Having reviewed the briefing, the Court concludes that the motion is premature.

Defendant has filed a motion for directed verdict or alternatively for a new trial, which is currently pending before Judge Edmunds. (ECF No. 77.) No matter

the outcome of the pending motion for directed verdict, it will necessarily impact the resolution of the motion for attorney fees. If the motion is granted, in whole or in part, it will obviously impact the prevailing party analysis.[1] If the motion is denied, it will nonetheless likely impact the scope and amount of attorney fees allowed. Indeed, Judge Edmunds analysis of the pending motion will aid this Court in its analysis of reasonableness under the twelve enumerated factors listed in *Isabel v. City of Memphis*, 404 F.3d 404 (6th Cir. 2005).

Ruling on the pending motion for attorney fees before final determination of the motion for directed verdict involves at best an inefficient use of judicial resources (if the directed verdict motion is denied, this Court would nonetheless need to order additional briefing to determine if the attorney fee award should be adjusted), and at worst a waste of judicial resources (if the directed verdict motion is granted in whole or in part, Plaintiff may no longer be the prevailing party). Either way, the Court finds the better path is to wait for the directed verdict motion to be resolved, at which point the appropriate, refreshed motion may be re-filed **within 28 days** of this Court's final order resolving the directed verdict motion.

---

[1] Defendant recognized this as well. In its response to the motion for attorney fees, Defendants states, "For purposes of this Response Brief only, the GCRC assumes that Plaintiff is a prevailing party. If any part of the GCRC's motion for post-trial relief is granted, or if the GCRC prevails on any potential appeal in this action, the GCRC reserves the right to seek reconsideration of, or relief from, any attorney fee award to Plaintiff's attorneys. (ECF No. 83, PageID.4629.)

Thus, Plaintiff's motion for attorney fees, costs, and interest (ECF No. 73) is **DENIED WITHOUT PREJUDICE**, pending a final determination of the motion for directed verdict (ECF No. 77.).

    **IT IS SO ORDERED.**[2]

Dated: May 6, 2024

                                        Anthony P. Patti
                                        UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1). To the extent this denial without prejudice requires a report and recommendation, rather than an order, then Fed. R. Civ. P. 72(b)(2) applies and similarly allows a fourteen day objection period. 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").