UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA POPLAR,

    Plaintiff,

v.

GENESEE COUNTY ROAD COMMISSION,

    Defendant.

_____/

Case No. 21-12568

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S MOTION
FOR JUDGMENT AS A MATTER OF LAW OR A NEW TRIAL [77]**

The matter is before the Court on Defendant Genesee County Road Commission's renewed motion for judgment as a matter of law under Federal Rule of Civil Procedure 50 or, alternatively, a new trial under Federal Rule of Civil Procedure 59. (ECF No. 77.) Plaintiff Donna Poplar opposes the motion. (ECF No. 84.) Defendant has filed a reply. (ECF No. 86.) Pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), this motion will be decided without oral argument. For the reasons below, the Court DENIES Defendant's motion.

**I.    Background**

This is an employment discrimination and retaliation case. Plaintiff was hired by Defendant as its Human Resources Director in October 2016 and remained an employee with Defendant through trial. Plaintiff's amended complaint included eight claims (ECF No. 10), but several of her claims were dismissed on summary judgment (ECF No. 33).[1]

---

[1] This case was reassigned from the Honorable Victoria A. Roberts to the Honorable Nancy G. Edmunds following the ruling on Defendant's motion for summary judgment but prior to trial. (ECF No. 37.)

1

The claims that remained were her retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), 42 U.S.C. § 1981, and Michigan's Persons with Disabilities Civil Rights Act ("PWDCRA") (Counts III-V, VIII) as well as her failure to accommodate claim under the PWDCRA (Count VII). Following a seven-day trial, a jury returned a verdict in favor of Plaintiff, finding that Defendant unlawfully retaliated against her when it "suspend[ed] [her] for two weeks without pay" and when it "promot[ed] the employee who, prior to the promotion, had been [her] full-time administrative assistant, and then [did] not fill[] the administrative assistant position, which [she] claimed she needed to accommodate her disability" and further that Defendant failed to provide her with a reasonable accommodation for her disability. (ECF Nos. 66, 67.) The jury awarded Plaintiff damages in the amount of $800,000.

## II.     Motion for Judgment as a Matter of Law

### A.     Rule 50 Standard

A party may move for judgment as a matter of law before the case is submitted to the jury under Rule 50(a). The moving party may file a renewed motion for judgment as a matter of law after trial under Rule 50(b). "Judgment as a matter of law is appropriate when viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion in favor of the moving party." *Tisdale v. Fed. Express Corp.*, 415 F.3d 516, 527 (6th Cir. 2005) (internal quotation marks and citation omitted). When a party raises a Rule 50(b) motion based on the sufficiency of the evidence, "[t]he evidence should not be weighed, and the credibility of the witnesses should not be questioned. The

2

judgment of [the] court should not be substituted for that of the jury . . . ." *Id.* at 531 (internal quotation marks and citation omitted).

**B.   Analysis**

Prior to submission of the case to the jury, Defendant moved for judgment as a matter of law, arguing that Plaintiff failed to provide Defendant with timely written notice of her need for an accommodation as required under the PWDCRA. (*See* ECF No. 71, PageID.4021-24.) The Court denied the motion. Defendant now renews its request for judgment as a matter of law on Plaintiff's failure to accommodate claim. Defendant repeats its argument regarding the lack of timely written notice. Defendant also argues that it did not fail to provide Plaintiff with a reasonable accommodation as a matter of law.

**1.   Written Notice of the Need for an Accommodation**

The PWDCRA allows a person with a disability to bring a failure to accommodate claim against another person under the statute "only if the person with a disability notifies the person in writing of the need for an accommodation within 182 days after the date the person with a disability knew or reasonably should have known that an accommodation was needed." Mich. Comp. Laws § 37.1210(18). Defendant argues that Plaintiff failed to comply with this requirement. Plaintiff responds by arguing that there was sufficient evidence for the jury to find that she did comply.[2]

Defendant argues that Plaintiff knew an accommodation was needed for her visual disability when she was first hired in October 2016, and thus the written request she

---

[2] Plaintiff previously argued that she may be exempt from the notice requirement because Defendant failed to comply with its duty under the statute to provide its employees with notice of the requirement. *See* § 37.1210(19). But Defendant presented evidence at trial that it had provided the required notice. Plaintiff does not repeat this argument in her response to Defendant's motion.

submitted in August 2018 was untimely. Plaintiff avers, however, that because Defendant's October 2021 decision to promote Plaintiff's assistant and then not replace her was the basis for the failure to accommodate claim, a later email Plaintiff sent during November 2021 satisfied the notice requirement. The Court does not find Defendant's attempt to characterize this argument as one for equitable tolling persuasive. Even though Plaintiff needed an accommodation in 2016, that was not the basis of her claim. The need for an accommodation arose again in 2021, and Plaintiff's November 2021 email was sent within 182 days after the date she knew of that need. (*See* ECF No. 84-1.) While Plaintiff did not explicitly state she needed an accommodation for her disability in her email, the purpose of the notice requirement is "to make an employer aware of the situation so that, if necessary, remedial action can be taken." *See Bageris v. Brandon Twp.*, 691 N.W.2d 459, 464 (Mich. Ct. App. 2004). Here, Plaintiff stated in her email that she was following-up on a meeting during which an accommodation was discussed, (*see* ECF No. 69, PageID.3728), and she explained that she was requesting an administrative assistant because she "still ha[d] a need" for an assistant, a position which "was approved by the GCRC Board in 2019," (*see* ECF No. 84-1). Thus, a reasonable jury could conclude that Plaintiff timely notified Defendant of her need for an accommodation in writing.

### 2.     Failure to Provide a Reasonable Accommodation

Defendant argues that it did not fail to provide Plaintiff with a reasonable accommodation as a matter of law for two reasons: 1) providing Plaintiff with an administrative assistant was not a reasonable accommodation because it was related to essential functions of her job, and 2) Defendant provided Plaintiff with alternative accommodations. Plaintiff argues that Defendant is precluded from raising this issue

4

because it was not included in its pre-verdict motion, but even if the Court were to consider the issue, there was sufficient evidence for the jury to find that Defendant failed to provide a reasonable accommodation to Plaintiff.

Renewed motions for judgment as a matter of law are limited to issues that were raised in the initial motion. *See American & Foreign Ins. Co. v. Bolt*, 106 F.3d 155, 160 (6th Cir. 1997) ("'A post-trial motion for judgment can be granted only on grounds advanced in the pre-verdict motion.'") (quoting Advisory Committee Note to Rule 50(b) (1991)). Here, Defendant raised the issue of a lack of timely written notice in the pre-verdict motion but did not make any arguments regarding the remaining elements of Plaintiff's failure to accommodate claim. Yet, Defendant cites to *Kusens v. Pascal Co.*, 448 F.3d 349, 361 (6th Cir. 2006), to argue that any noncompliance may be excused when the purposes of the rule are satisfied. Defendant notes that it had raised the same issue in its motion for summary judgment as well as the final pre-trial order and thus Plaintiff was on notice of Defendant's position. But in *Kusens*, the defendants' post-trial motion repeated the same argument raised in the pre-verdict motion but with specificity. *See id.* at 362-63. Defendant does not cite to any authority that supports the notion that raising the issue prior to trial is similarly sufficient to preserve it for purposes of a Rule 50(b) motion. In fact, in the qualified immunity context, the Sixth Circuit has stated that the failure to bring a pre-verdict motion for judgment as a matter of law on that ground precludes the defendants from raising the issue in a post-verdict motion despite having raised it earlier in a motion for summary judgment. *See Sykes v. Anderson*, 625 F.3d 294, 304 (6th Cir. 2010). In sum, the Court finds that Defendant is precluded from raising the issue of whether it failed to provide a reasonable accommodation to Plaintiff in this post-

verdict motion. But even if the Court were to conclude otherwise, Defendant's arguments are of no avail.

While Plaintiff stipulated to the fact that reading and computer screen work are essential functions of her job, Plaintiff requested assistance with those functions, not complete elimination of them. Thus, a jury could conclude that the proposed accommodation was reasonable. *Compare Steward v. Daimler Chrysler Corp.*, 533 F. Supp. 2d 717, 722 (E.D. Mich. 2008) (finding a proposed accommodation to add an assistant unreasonable where it was "equal to eliminating an essential function of the job"), *aff'd sub nom. Steward v. New Chrysler*, 415 F. App'x 632 (6th Cir. 2011) *with Rojek v. Catholic Charities of Jackson, Inc.*, No. 08-14492, 2010 U.S. Dist. LEXIS 52056, at *43-44 (E.D. Mich. May 27, 2010) (distinguishing *Steward* where the plaintiff had "not proposed that an assistant accompany her on every home visit[] nor that an assistant take on an essential function of the job" and finding the reasonableness of the proposed accommodation an issue best left for a jury).

Defendant also argues that the record shows that it provided Plaintiff with alternative accommodations. Relying on *Hankins v. Gap, Inc.*, 84 F.3d 797, 800-01 (6th Cir. 1996), Defendant notes that an employee is not entitled to a specific accommodation. But that is "so long as [the employer] made available other reasonable and effective accommodations." *See id.* at 800. Here, there was testimony that suggested the other accommodations were not effective. Thus, the fact that Defendant provided alternative accommodations was not fatal to Plaintiff's failure to accommodate claim.

In sum, Defendant is not entitled to judgment as a matter of law on the failure to accommodate claim. Defendant's motion under Rule 50(b) is therefore denied.

### III. Motion for a New Trial

#### A. Rule 59 Standard

Rule 59(a) permits a court to "grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Courts interpret this rule "to mean that a new trial is warranted when a jury has reached a seriously erroneous result as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias." *Holmes v. City of Massillon*, 78 F.3d 1041, 1045-46 (6th Cir. 1996) (internal quotation marks and citations omitted). The Sixth Circuit has held, however, that "a jury's verdict should not be overturned as being against the weight of the evidence unless that verdict was unreasonable." *See id.* at 1047 (citations omitted).

#### B. Analysis

Defendant moves for a new trial on Plaintiff's retaliation and failure to accommodate claims. In support of this request, Defendant argues that the jury verdict in favor of Plaintiff on her retaliation claims was against the clear weight of the evidence, two errors took place during trial that were allegedly prejudicial, and the damages award was excessive.[3]

##### 1. Weight of the Evidence

To prevail on a retaliation claim, the plaintiff must establish a causal connection between the protected activity and adverse act; that is, the plaintiff must prove that but-for her participation in the protected activity, the adverse act would not have occurred.

---

[3] Alternatively, Defendant requests remittitur of the award.

*See Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013) (Title VII); *Khalaf v. Ford Motor Co.*, 973 F.3d 469, 488-89 (6th Cir. 2020) (§ 1981); *Rouch World, LLC v. Dep't of Civ. Rights*, 987 N.W.2d 501, 512 (Mich. 2022) (ELCRA); *Bachman v. Swan Harbour Ass'n*, 653 N.W.2d 415, 437 (Mich. Ct. App. 2002) (PWDCRA). Defendant argues that the finding in favor of Plaintiff on the causation element of her retaliation claims stemming from Defendant's failure to fill the administrative assistant position was against the clear weight of the evidence.

Under the but-for standard of causation, a retaliation claim will fail if the adverse act was "based on factors untainted by retaliatory animus, even if [the] decision was also based on factors that were tainted by retaliation." *See Seoane-Vazquez v. Ohio State Univ.*, 577 F. App'x 418, 428 (6th Cir. 2014). Here, Defendant emphasizes that the evidence at trial demonstrated that Mr. Peivandi, Defendant's managing director at the time, was against the creation of a full-time assistant position even before Plaintiff engaged in protected activity. But there was also evidence that Defendant's board had previously overruled his decision and provided Plaintiff with an administrative assistant for two years. Moreover, there was additional evidence to support the jury's finding of causation. For example, Mr. Peivandi himself testified that he was upset that Plaintiff filed a complaint and wanted Plaintiff to understand that he was "the boss." (ECF No. 63, PageID.3388-89, 3392-93.) Thus, the jury's finding that but-for Plaintiff's protected activity, the adverse act would not have occurred was reasonable.

### 2. Purported Errors

Defendant takes issue with several aspects of the jury instructions and verdict form as well as certain witness testimony. "To constitute proper grounds for granting a new

trial, an error, defect, or other act must affect the substantial rights of the parties." *Walker v. Bain*, 257 F.3d 660, 670 (6th Cir. 2001) (citing Fed. R. Civ. P. 61). In other words, the error must have been prejudicial. *See Burks v. O'Connor, Kenny Partners*, 33 F. App'x 781, 783 (6th Cir. 2002) (citations omitted).

### a.  Jury Instructions and Verdict Form

Defendant argues there were three errors in the jury instructions and verdict form. "A party is not entitled to a new trial based upon alleged deficiencies in the jury instructions unless the instructions, taken as a whole, are misleading or give an inadequate understanding of the law." *Arban v. West Publ'g Corp.*, 345 F.3d 390, 404 (6th Cir. 2003) (citation omitted). The verdict form is similarly evaluated "in the context of the instructions as a whole." *Moody v. United States*, 958 F.3d 485, 491 (6th Cir. 2020) (referring to the jury instructions as "a user's manual" for the verdict form).

Defendant first argues that it was error not to mention the PWDCRA's notice requirement in the verdict form itself. But the requirement was included in the instruction on Plaintiff's failure to accommodate claim. *See* ECF No. 71, PageID.4043 (instructing the jury that "[u]nder the PWDCRA, a person with a disability may allege a failure to accommodate claim if the person notified her employer in writing of her need for accommodation within 182 days after she knew that an accommodation was needed"). Thus, the instructions, taken as a whole, adequately set forth the notice requirement. Moreover, Defense counsel discussed the requirement at length during his closing argument. (*See id.* at PageID.4103-07.)

Next, Defendant takes issue with the description of the fourth alleged adverse employment act Plaintiff claimed was retaliatory. In both the jury instructions and the

9

verdict form, that act was identified as: "[p]romoting the employee who, prior to the promotion, had been Ms. Poplar's full-time administrative assistant, and then not filling the administrative position, **which Ms. Poplar claimed she needed to accommodate her disability**." (ECF No. 66, PageID.3659; ECF No. 71, PageID.4041 (emphasis added).) Defendant argues that the phrase in bold suggested that Plaintiff's retaliation and failure to accommodate claims were intertwined. A review of the transcript of the conference held on the jury instructions reveals that this phrase was added as the Court attempted to reconcile the two versions of the instruction proposed by the parties, and Defendant did not object to addition of the phrase itself. (*See* ECF No. 70, PageID.4004-05.) The Court does not find the description misleading where the jury was instructed separately and accurately regarding the definitions relevant to each of Plaintiff's claims.

Finally, Defendant argues that the instruction on the elements of Plaintiff's failure to accommodate claim was erroneous because it did not contain language defining an employer's duty to accommodate by explaining, for example, the effect of providing alternative accommodations and the employer's right to choose between effective reasonable accommodations. But the jury was given the definition of "reasonable accommodation" and instructed regarding "undue hardship" as a defense to the claim. (*See* ECF No. 71, PageID.4043-44.) And Defense counsel elaborated on the employer's duty and the accommodations provided to Plaintiff during his closing argument. (*See id.* at PageID.4085-87, 4101-05.)

In sum, the Court does not find any error that affected Defendant's substantial rights. Taken as a whole, the instructions gave the jury an adequate understanding of the relevant law.

### b. Witness Testimony

Prior to trial, Defendant filed a motion in limine to exclude evidence of race and other forms of discrimination. (ECF No. 46.) Ruling from the bench, the Court agreed that evidence of race discrimination was no longer relevant to the case considering the dismissal of those claims. (*See* ECF No. 60, PageID.2973-74.) Defendant now argues that one of its former board commissioners, Cloyce Dickerson, offered testimony that violated the Court's ruling.[4] Defendant further argues that the testimony was highly prejudicial and warrants a new trial.

While the Court agrees that the testimony strayed into the excluded topics, the jury was explicitly instructed at the close of evidence as follows:

> Plaintiff Donna Poplar no longer has in this lawsuit any remaining claims that she was subject to discrimination or harassment on the basis of race or any other protected characteristic. Therefore, any statements regarding alleged race discrimination or harassment that may have come up at trial cannot be used to determine whether Ms. Poplar proved her retaliation and failure to accommodate claims by a preponderance of the evidence. To the extent evidence of race discrimination or harassment was raised at trial, or to the extent any witness gave testimony concerning race discrimination or harassment, you must not let it influence or affect the way you evaluate Ms. Poplar's remaining claims.

(ECF No. 71, PageID.4035-36.) This instruction was sufficient to cure any prejudicial effect of the testimony. Mr. Dickerson's testimony does not warrant a new trial.

### 3. Damages Award

Defendant argues that the damages awarded to Plaintiff by the jury were excessive. Defendant requests either a new trial on this basis or remittitur of the award.

---

[4] For example, Mr. Dickerson testified regarding his belief that Mr. Peivandi "had a problem with women and black people" and made racially motivated decisions. (*See* ECF No. 64.)

11

Generally, "a jury verdict will not be set aside or reduced as excessive unless it is beyond the maximum damages that the jury reasonably could find to be compensatory for a party's loss." *American Trim, L.L.C. v. Oracle Corp.*, 383 F.3d 462, 475 (6th Cir. 2004) (internal quotation marks and citation omitted). "A trial court is within its discretion in remitting a verdict only when, after reviewing all the evidence in the light most favorable to the prevailing party, it is convinced that the verdict is clearly excessive; resulted from passion, bias, or prejudice; or is so excessive or inadequate as to shock the conscience of the court." *Id.* "If there is any credible evidence to support a verdict, it should not be set aside." *Id.*

The Court does not find that the jury verdict exceeded the maximum reasonable award. The jury was instructed that it could award both "economic damages (loss of wages and earnings, loss of benefits) and non-economic damages (loss of professional esteem and consequent damage to Plaintiff's career, embarrassment, humiliation, mental anguish, distress, anxiety, depression, loss of enjoyment of life, and damage to Plaintiff's professional reputation"). (*See* ECF No. 71, PageID.4044-45.) While a large portion of the verdict—$753,000 of the $800,000—was for non-economic damages,[5] there was extensive testimony regarding those elements of damage. Plaintiff's primary care physician and her spiritual advisor both testified about Plaintiff's anxiety and depression and described the symptoms she reported were due to work-related stress, which included headaches, heart palpitations, and blood pressure problems. (*See* ECF No. 63.)

---

[5] Defendant notes that only six percent of the damages awarded were economic damages. But this does not lead to a finding that the verdict is shocking. *See, e.g.*, *Miller v. Alldata Corp.*, 14 F. App'x 457, 458 (6th Cir. 2001) (affirming the district court's denial of a motion for remittitur where a jury awarded the plaintiff in a gender discrimination case $300,000 for emotional distress and only $16,000 in economic damages).

Also, Plaintiff's primary care physician and psychiatrist testified as to the treatment she received, which included medications. (ECF No. 63, PageID.3322-3355; ECF No. 64, PageID.3488-3518.) While Plaintiff first sought treatment for these problems prior to the first adverse act that formed the basis of her retaliation claims, there was testimony about her symptoms during the relevant time period. *See, e.g.*, ECF No. 63, PageID.3320-33; *see also Sykes v. Anderson*, 419 F. App'x 615, 617 (6th Cir. 2011) (noting "the fact that [the plaintiff] had suffered from post-traumatic stress disorder before the incident does not show that the award improperly compensated her for *exacerbation* of her disorder") (emphasis in original). Moreover, Plaintiff testified regarding the difficulties of having to work without an assistant and the strain it put on her eyes. (ECF No. 62, PageID.3136-41.) Even though Plaintiff was not terminated, she testified that she feared she was being forced to quit. (*Id.*) Plaintiff also testified that she started to lose her faith and felt ashamed because people found out about her disability. (*Id.*)

Defendant cites two out-of-circuit district court cases where motions for remittitur of verdicts with large awards for emotional distress were granted,[6] but both the Sixth Circuit and the Michigan Supreme Court have cautioned against relying on past awards to find such damages excessive. *See Champion v. Outlook Nashville, Inc.*, 380 F.3d 893, 906 (6th Cir. 2004) (noting that "[e]ndeavoring to compare awards is difficult and often unfruitful, because the factual circumstances of each case differ so widely and because it places reviewing courts in the position of making awkward assessments of pain and

---

[6] Those cases are *Hurley v. Atl. City Police Dep't*, 933 F. Supp. 396, 425 (D.N.J. 1996), and *Clopp v. Atl. Cnty.*, No. 00-1103, 2002 U.S. Dist. LEXIS 18898, at *10-14 (D.N.J. Oct. 7, 2002). Also, both parties submitted charts listing jury awards in other employment discrimination cases. (ECF No. 77-1; ECF No. 84-9, PageID.4759-60.)

suffering best left to a jury"); *Precopio v. Detroit Dep't of Transp.*, 330 N.W.2d 802, 808 (Mich. 1982) (stating that courts "should not attempt to reconcile widely varied past awards for analogous injuries" when evaluating an award for pain and suffering). The Court does not find a comparison to those cases appropriate here. Because there is credible evidence to support the verdict, the Court will not disturb the jury's award of damages.[7] The size of the verdict in this case does not warrant either a new trial or remittitur.

## IV. Conclusion

For the foregoing reasons, Defendant's Rule 50 and Rule 59 motion is DENIED.

SO ORDERED.

s/Nancy G. Edmunds<br>
Nancy G. Edmunds<br>
United States District Judge

Dated: September 17, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 17, 2024, by electronic and/or ordinary mail.

s/Marlena A. Williams<br>
Case Manager

---

[7] Defendant also cites to *Rodgers v. Fisher Body Div.*, 739 F.2d 1102, 1106 (6th Cir. 1984), to argue that remittitur should be granted because the jury was not instructed to reduce future damages to present value. But in *Kokesh v. Am. Steamship Co.*, 747 F.2d 1092, 1096 (6th Cir. 1984), the Sixth Circuit stated "that the *Rodgers* court did not intend to pronounce an invariable rule of general application" and declined "to question the jury instructions solely because they did not include a charge on reducing future damages to present worth, an instruction which neither party requested or evidently desired." The Court similarly declines to do so here.