UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA POPLAR,

      Plaintiff,                              Case No. 21-12568

v.                                     Honorable Nancy G. Edmunds

GENESEE COUNTY ROAD COMMISSION,

      Defendant.

_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE
JUDGE'S AUGUST 26, 2025 REPORT AND RECOMMENDATION [107]**

The matter is before the Court on Magistrate Judge Anthony P. Patti's report and recommendation to grant in part and deny in part Plaintiff's refreshed motion for attorneys' fees, costs, and interest. (ECF No. 107.) Both parties have filed objections to the report and recommendation as well as responses opposing the other side's objections. (ECF Nos. 111-114.) For the reasons below, the Court OVERRULES the objections and ACCEPTS AND ADOPTS the report and recommendation.

**I.    Background**

This is an employment discrimination and retaliation case. Plaintiff was hired by Defendant as its Human Resources Director in October 2016 and remained an employee with Defendant through trial. Plaintiff's amended complaint included eight claims (ECF No. 10), but several of her claims were dismissed on summary judgment (ECF No. 33).[1] The claims that remained were her retaliation claims under Title VII of the Civil Rights Act

---

[1] This case was reassigned from the Honorable Victoria A. Roberts to the Honorable Nancy G. Edmunds following the ruling on Defendant's motion for summary judgment but prior to trial. (ECF No. 37.)

of 1964, Michigan's Elliott-Larsen Civil Rights Act, 42 U.S.C. § 1981, and Michigan's Persons with Disabilities Civil Rights Act ("PWDCRA") (Counts III-V, VIII) as well as her failure to accommodate claim under the PWDCRA (Count VII). Following a seven-day trial, a jury returned a verdict in favor of Plaintiff and awarded her damages in the amount of $800,000—$355,000 on the retaliation claims and $445,000 on the failure to accommodate claim. (ECF Nos. 66, 67.) The Court later denied Defendant's motion for judgment as a matter of law or a new trial. (ECF No. 88.) On appeal, the Sixth Circuit affirmed this Court's judgment. (ECF No. 103.)

In the underlying motion, Plaintiff seeks a total of $678,746.26 ($509,298.00 in attorneys' fees, $7,239.34 in litigation costs, and $162,208.92 in judgment interest). (ECF No. 89.) The Magistrate Judge recommends granting this request in part. (ECF No. 107.) According to Defendant's calculations, after making the reductions set forth in the report, the amount to be awarded is $513,426.13 ($388,202.66 in attorneys' fees, $7,075.47 in litigation costs, and $118,148.00 in prejudgment interest). (ECF No. 111-1.) Defendant now brings five objections, and Plaintiff brings four objections. (ECF Nos. 111, 112.)

## II.    Standard of Review

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See also* 28 U.S.C. § 636(b)(1). The "district court is not required to articulate all of the reasons it rejects a party's objections." *See Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citation omitted).

III.     **Analysis**

A.      **Time Spent by Attorney Sheena (Defendant's Objection #1 & Plaintiff's Objection #2)**

Defendant's first objection and Plaintiff's second objection relate to the fees requested for the time billed by Attorney Sheena. The Magistrate Judge concluded that awarding fees for the 69 hours spent by Attorney Sheena attending trial would be excessive. (ECF No. 107, PageID.5531-32.) The Magistrate Judge found it difficult to discern the necessity of having a third attorney at trial because Attorney Sheena did not provide a declaration on her own behalf and while Attorney Roumayah referenced her in his declaration, the reply submitted in support of Plaintiff's motion only mentioned her when arguing that the time records submitted by counsel appropriately identified the general subject matter of their time expenditures.

Plaintiff now argues that Attorney Sheena provided input on trial strategy and vital assistance with trial proceedings and managing exhibits and technology during trial and that the Court should, at the least, award fees for her attendance at trial at a market rate awarded for paralegals completing substantive legal work. But, absent compelling reasons, a party is not allowed to raise new arguments at the district court stage that were not presented to the magistrate judge. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). The Court therefore finds the reduction of the 69 hours billed by Attorney Sheena for attending trial appropriate. Plaintiff's second objection is overruled.

Defendant argues that the time billed by Attorney Sheena should be further reduced for the time spent attending the final pretrial conference on September 18, 2023 (6.0 hours) and the final settlement conference on October 3, 2023 (5.0 hours). Defendant argues that the same reasoning that supports excluding Attorney Sheena's trial hours

should apply to the pretrial hearings. The Magistrate Judge, however, noted that the Phase II scheduling order issued in this case required the presence of trial counsel at the final pretrial conference (ECF No. 20), which was held on September 18, 2023, and then continued to October 3, 2023. Moreover, on the day of the continued hearing, the Court heard argument regarding the motions in limine filed by both parties, ruled on those motions, and issued the joint final pretrial order. The Court declines to further reduce the time billed by Attorney Sheena. Defendant's first objection is overruled.

### B.    Time Spent by Attorney Lee (Plaintiff's Objection #1)

The Magistrate Judge recommends reducing the 74 hours spent by Attorney Lee over the course of 10 days for trial preparation by 24 hours (to 50 hours). (ECF No. 107, PageID.5522-23.) Plaintiff objects, taking issue with the Magistrate Judge's discussion of the apparent disproportion between the time spent by Attorney Lee (74 hours) and the time spent by Attorneys Roumayah and Sheena during the same time period (82 hours). Plaintiff argues that as lead counsel, it is not unreasonable or surprising that Attorney Lee spent more time preparing for trial. But the Magistrate Judge noted the proportionality of hours along with a discussion of the vague nature of the billing entries provided by Attorney Lee ("trial prep") as compared to the greater detail mentioned by Attorneys Roumayah and Sheena. (*See id.* at PageID.5523 (citing ECF No. 89-3, PageID.4914-15, 4921-22).) Thus, the Court overrules Plaintiff's first objection.

### C.    Vague Billing Entries & Block Billing (Defendant's Objections #2 & #3)

In its second and third objections, Defendant argues that the Magistrate Judge should have found that vague billing entries and block billing warrant significant across-the-board reductions. The Magistrate Judge discussed these arguments in detail. (ECF

No. 107, PageID.5520-25.) In fact, the recommendation to reduce the time spent by Attorney Lee on trial preparation by 24 hours stemmed in part from vague billing entries. Defendant cites to several cases, including this Court's decision in *Strickland v. City of Detroit*, No. 18-12640, 2023 U.S. Dist. LEXIS 229660 (E.D. Mich. Dec. 27, 2023), in support of its argument that judges in this district "routinely find" vague billing entries to warrant significant across-the-board reductions. But in *Strickland*, the reduction was only due in part to the vague billing descriptions; the Court also relied heavily on the fact that the plaintiff prevailed on only two of his claims and was awarded only nominal damages as to one of those two claims. *See id.* at \*7-9. With regard to block billing, the Magistrate Judge found "the above discussion of vagueness and the below discussion of redundancy adequately address any concerns about Plaintiff's counsels' block billing." (ECF No. 107, PageID.5524.) The Court agrees. In addition to the reduction of 24 hours of time spent by Attorney Lee, the discussion of redundancy led to several additional reductions. Defendant's second and third objections are overruled.

### D. Hourly Rates (Defendant's Objections #4 & #5)

Plaintiff seeks fees for the services provided by Attorney Roumayah at a rate of $650 per hour. The Magistrate Judge found a reduced hourly rate of $475 reasonable. (ECF No. 107, PageID.5538-40.) Defendant now objects, asking the Court to reduce it further to $330. Defendant states that this would be consistent with the median hourly rate for an attorney with his experience level. The Magistrate Judge discussed the hourly rate statistics in the report, including the higher rates for a field of practice of plaintiff employment law, and also considered Attorney Roumayah's role in this case. The Court finds the rate recommended by the Magistrate Judge appropriate.

Plaintiff seeks fees for the services of now-Judge Gafkay at a rate of $450 per hour and the Magistrate Judge found this reasonable. (ECF No. 107, PageID.5540-41.) Defendant objects, repeating its previous argument that Plaintiff did not meet her burden of supporting this rate in part because it was not mentioned in Judge Gafkay's declaration. Defendant asks the Court to reduce the rate to $350 per hour. The Magistrate Judge acknowledged that the requested rate was not mentioned in the declaration but nonetheless found it reasonable after considering hourly rate statistics and Judge Gafkay's years of experience. The Court agrees. Defendant's objections related to the hourly rates allowed by the Magistrate Judge are overruled.

### E.    Prejudgment Interest (Plaintiff's Objections #3 & #4)

Plaintiff seeks judgment interest from the date she filed her original complaint (November 2, 2021) through the date she filed the underlying motion (October 7, 2024). Defendant argued in its response that the interest should instead be calculated from the date Plaintiff filed the amended complaint (March 7, 2022), which added a PWDCRA claim, because $445,000 of the $800,000 in damages were attributable to the PWDCRA failure to accommodate claim. Defendant also argued that Plaintiff should not be able to recover prejudgment interest on attorneys' fees because most of those fees did not accrue until late 2023. The Magistrate Judge found these arguments persuasive, noting that Plaintiff did not directly address them in her reply. (ECF No. 107, PageID.5551-52.) Plaintiff now objects to both points. Plaintiff acknowledges that an award of judgment interest is discretionary but argues that altering the start date does not account for the fact that about half of Plaintiff's damages were awarded on her retaliation claims, which were included in the original complaint. Plaintiff also argues that the Court should at least

include attorneys' fees in the judgment amount beginning on October 20, 2023 (the date this Court entered judgment). Given the fact that Plaintiff did not make these arguments in her reply, the Court declines to consider them now.[2] *See Murr*, 200 F.3d at 902 n.1. Moreover, the Court finds that the recommended award of interest appropriately satisfies the principles relevant to a discretionary award of prejudgment interest. *See McPherson v. Suburban Ann Arbor, LLC*, 719 F. Supp. 3d 759, 766 (E.D. Mich. 2024) (citation omitted). Plaintiff's third and fourth objections are overruled.

## IV.    Conclusion

Having conducted a de novo review of the portions of the Magistrate Judge's report to which specific objections have been filed, the Court OVERRULES the parties' objections and ACCEPTS AND ADOPTS the report and recommendation in its entirety. Accordingly, Plaintiff's refreshed motion for attorneys' fees, costs, and interest (ECF No. 89) is GRANTED IN PART AND DENIED IN PART as set forth by the Magistrate Judge.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: September 26, 2025

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 26, 2025, by electronic and/or ordinary mail.

s/Marlena A. Williams
Case Manager

---

[2] The Court notes that another judge in this district recently rejected a request to award prejudgment interest on a fee award after reasoning that it would be a windfall because 1) until a trial court awards a prevailing party attorneys' fees, there is no money lost to which he or she is entitled, and 2) in a contingency fee case, the plaintiff has not expended any funds during the pendency of the litigation. *See Pianko v. Gen. R.V. Ctr., Inc.*, No. 20-cv-13371, 2025 U.S. Dist. LEXIS 29632, at *26 (E.D. Mich. Feb. 19, 2025). The same circumstances apply here.